## THE PEOPLE v. GEORGE H. JACKS.

*Criminal law—Larceny—Information—Receiving stolen property—Evidence—Charge to jury.*

1. Where a respondent was informed against in one count for larceny, and in another for receiving the stolen property, and testimony was admitted on the trial, under the *second* count, of other and *distinct* larcenies of *similar* goods, and he was convicted under the *first* count *alone*, such testimony could hardly have failed to impress the jury most strongly against the prisoner, upon the charge of larceny; and it being impossible to say that the instruction of the court, to the effect that the objectionable testimony could only be taken into account in considering the *second* charge, entirely removed such impression, or to what extent the rights of the respondent were prejudiced thereby, the rule of safety requires that the verdict should be set aside.

2. The *fact* of the *non*-consent of the owner of property alleged to have been stolen to the *taking* may be proved by any person having knowledge of the facts as well as by such owner or the person having control of the property at the time, or by facts and circumstances which sufficiently satisfy the jury that the taking was felonious.

3. Where the *substance* of proper requests to charge is not given in the general charge, their refusal is error.

4. A respondent informed against and tried for grand larceny cannot complain of a conviction of the lesser statutory offense on *that* ground alone.

  So *held*, where the value of the stolen goods were found to be below §25.

Exceptions before judgment from Muskegon. (Dickerman, J.) Argued June 20, 1889. Decided July 11, 1889.

Respondent was convicted of larceny. Conviction set aside and new trial ordered. The facts, and the points of counsel, *passed* upon by the Court, are stated in the opinion.

*F. W. Cook,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *J. C. Mc-Laughlin,* Prosecuting Attorney (*Francis Smith,* of counsel), for the people.

SHERWOOD, C. J.  The respondent in this case was tried in the Muskegon circuit court upon an information charging him in the first count with the larceny of household goods to the value of $68, and in the second count with receiving the same household goods knowing them to have been stolen, and was convicted of the larceny of the goods to the value of $17.50.   The case is now before us for review on exceptions before judgment.

The information alleged the ownership of the property in Peter Walker.

The respondent was at the time of his arrest acting in the capacity of United States deputy-marshal, and had also been deputy-sheriff more than a year previous thereto, and had also for some time previous to his arrest acted as a private detective, and had his office, consisting of three rooms, in the Rifenberg block, in the city of Muskegon.

It appears from the testimony that he had been suspected of not being trustworthy for some time before his arrest, and that his rooms had been broken open and the goods therein examined, and the property mentioned in the information, with that of six other persons, was found therein, and, between the time of his arrest in this case and the trial, warrants were issued in several of the other cases charging him with burglary and larceny, and all of which were pending against the respondent at the time of his trial in this case.

Upon the trial it is complained by respondent, and we think correctly, that the people were allowed, against his objection, not only to show the presence, general description, and location in defendant's rooms of all the property alleged to have been stolen, but were allowed to go into all the details of each larceny alleged to have been committed in

the several suits pending against respondent forsuch crime; thereby, as was claimed by defendant's counsel, not only putting before the jury the fact that defendant was charged with such crimes, but every fact and circumstance which the prosecution was able to bring forward tending to show defendant guilty of the same, and thus requiring him to defend against all of these prosecutions in order to show his innocence of the crime for which he was placed on trial. And the propriety and correctness of these rulings by the circuit judge constitute the first 23 alleged errors assigned by respondent, and each of said assignments are relied upon.

We have examined all of these assignments of error, and are satisfied the circuit judge allowed counsel to go too far in examining some of the witnesses in regard to several of the charges made against the respondent not included in the information. He could be held to respond only to the charges contained in the information. He was not called upon to prepare to meet any other.

It is true, this testimony was put in under the second count in the information, which was for receiving stolen goods, knowing them to be stolen, and that he was not found guilty under this count; and therefore it is claimed the respondent could not be prejudiced by it. This, however, we do not think is the correct view to be taken of the case. He was in the other count charged with having stolen of one Peter Walker the same property,—one sofa, four chairs, and one stand. This was the only charge of larceny made against him in the information. The testimony objected to, and which was received by the court, tended to make him a common thief, and of the class of goods of which the jury found him guilty of stealing. This could hardly have failed to impress the jury most strongly against the prisoner, upon the charge in the first count; and it would be impossible for us to say that the subsequent charge of the court, to the effect that the objectionable testimony could only be taken

into account in considering the second charge, entirely removed such impression, or to what extent the rights of respondent were prejudiced thereby; and in such case, as this Court has had occasion to say heretofore, the rule of safety requires that a verdict obtained under such circumstances should not be allowed to stand against the respondent. *People v. Jenness,* 5 Mich. 305; *Lightfoot v. People,* 10 Id. 507. See, also, *Coleman v. People,* 55 N. Y. 81; *Copperman v. People,* 56 Id. 591; *State v. Lapage,* 57 N. H. 245; *People v. Pierpont,* 1 Wheeler, Crim. Cas. 139.

It was also claimed by counsel for respondent that the court should have directed a verdict for respondent on the ground that it did not appear in the people's evidence (and there was no other given in the case) that the goods charged to have been stolen were not taken by the consent of the owner; that neither the owner nor the person having them in charge at the time they are alleged to have been stolen was sworn in the case. It is claimed these men knew what the facts were upon this point, and that they should have been sworn; and counsel for respondent have called our attention to the cases of *State v. Morey,* 2 Wis. 494; *State v. Moon,* 41 Id. 684; *Wilson v. State,* 12 Tex. App. 481; *Erskine v. State,* 1 Id. 405; *Porter v. State,* Id. 394; and *Jackson v. State,* 7 Id. 363,—to sustain this position.

We think the fact of non-consent to the taking may, however, be proved by any other person having knowledge of the facts as well as by the owner or the person having control of the property at the time, or by facts and circumstances which sufficiently satisfy the jury that the property was feloniously taken. We think there was evidence sufficient in the case to be submitted to the jury upon that subject, and the court committed no error in so doing. The jury found specially upon the point, and it was against the prisoner.

The refusal to give several requests of the respondent to charge is also complained of, and we are asked to consider

these; and his counsel in making his requests to charge asked the court to give the following, among others:

" 5. In considering the testimony, the jury are not at liberty to consider any testimony of other larcenies than that alleged in the information in this case, as any evidence of the larceny so alleged, or as making it more probable that the larceny for which the respondent is being tried was committed by him. The respondent is on trial only for the offense charged in the information, and he can be convicted only upon the evidence of the offense so charged, and not upon evidence of some other offense.

" 6. I charge you that, in arriving at your verdict, as to the guilt or innocence of the respondent upon the first count in the information, you have no right to consider any testimony as to any other offense than the one so charged."

We have looked through the charge given by the court carefully, and we think these two requests should have been given in the language asked. The importance of these especially appear when it is seen the jury acquitted the respondent on the second count in the information. They were not in fact given; neither do we think the substance of them was given in the other parts of the charge ; and the refusal must be regarded as error.

The jury having found the respondent guilty of the larceny, and of a much lower grade than that charged, subjecting him to a much smaller penalty than they might nave done, should be no cause for complaint by the respondent. The assignment of error upon this branch of the case cannot be sustained. We do not fail to observe the point made that upon the testimony the offense should have been grand larceny or nothing. The lesser offense is included in the greater, and the offense being of the same character, only differing in grade, and the court having jurisdiction in both, there can be no good reason for not convicting of that of which the respondent was guilty, if this were the only question in the case; but for the errors noted the verdict must be set aside, and a new trial granted. We find no other errors in the record.

The other Justices concurred.