JENNIE E. HALLETT, APPELLEE, v. JAMES W. RANSOM, APPELLANT.

FILED JANUARY 29, 1915.    No. 17,934.

Trial: VERDICT: SURPLUSAGE. Where the verdict contains proper findings on the issuable facts submitted to the jury, clearly indicating the judgment which the law should pronounce, severable matter outside of the pleadings, the proof, the issues, the instructions and the law may be rejected as surplusage.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Mapes & McFarland* and *Charles H. Kelsey*, for appellant.

*M. D. Tyler* and *M. B. Foster, contra.*

Rose, J.

This is an action to recover $1,200 as profits clandestinely made by defendant while acting as agent for plaintiff in the sale of a farm owned by her in Madison county, near Norfolk. Defendant wrote to plaintiff, who resided at Seward, that the best price obtainable was $800. She promptly went to Norfolk, and in consideration of that sum executed a deed containing the name of M. B. Irwin as grantee. Subsequently his name was erased and that of M. O. Wolcott inserted. Within three months Wolcott sold the land to August F. W. Braasch for $2,000. It was pleaded by plaintiff, and the jury found, that defendant was the actual purchaser from her, and that he was the real grantor in the subsequent sale for $2,000. From a judgment in favor of plaintiff for $1,301.10, defendant appeals.

The principal assignment is that there was error in entering judgment on the verdict. It was rendered by the jury in this form:

"We, the jury duly impaneled and sworn in the above entitled cause, do find for the plaintiff and assess the amount of her recovery at the sum of $1,301.10, less the amt. of four hundred one and 10/100 $401.10. Said amt. being allowed the defendant for his expenses, commission and the advance in price of said land during the time said defendant came in possession of the land and the time same was sold to the said August F. W. Braasch. We therefore find for plantiff the sum of $900."

The trial court accepted the following as the verdict and rejected the rest as surplusage:

"We, the jury duly impaneled and sworn in the above entitled cause, do find for the plaintiff and assess the amount of her recovery at the sum of $1301.10."

The question for the determination of the jury was whether defendant, as shown by the pleadings and the proofs, acted for himself in transactions resulting in his making clandestine profits out of the business of his princi-

pal. Their finding in favor of plaintiff settled the issuable fact. In that respect the verdict is not only supported by the evidence, but it responds to the demands of justice and equity. With defendant's betrayal of trust settled in favor of plaintiff, the jury had nothing to do with the amount of the recovery. The law settled that question by awarding plaintiff clandestine profits amounting, with interest, to $1,301.10. The jury were so instructed. When they attempted to allow defendant a set-off or credit of $401.10, they went outside of the pleadings, the proofs, the issues, the instructions and the law. The trial court must be allowed to determine questions of law and to limit the work of the jury to the proper function of that arm of the judiciary. Under similar circumstances, the courts often reject extraneous matter in a verdict and enter a judgment conforming to the facts established by the findings of the jury. *Frank v. Symons*, 35 Mont. 56; *Schweitzer v. Connor*, 57 Wis. 177; *Pierce v. Schaden*, 62 Cal. 283. On principle the rule in this state is the same. *State v. Beall*, 48 Neb. 817. It would perhaps be better practice, before accepting such a verdict, to direct the jury to eliminate the surplusage but the action of the trial court in the present case did not amount to a reversible error.

One of the instructions is criticised, but, if erroneous, it is not prejudicial to defendant.

AFFIRMED.

MORRISSEY, C. J., and FAWCETT, J., not sitting.

HAMER, J., dissenting.

The verdict ought not to have been received. As it is now divided, it is not the verdict that the jury agreed upon. The verdict which they returned was clearly a compromise. If a verdict is to be regarded as the expression of the jury in the case, it should be what they have said. If they attempt to say something that is outside of the proper issues in the case, then all that they say on the subject should be rejected. No court should be allowed to substitute any sort of conception of the trial judge in

place of what the jury have solemnly agreed upon, whether it is correct or not. If the verdict is so far erroneous that it should not be considered, then it ought not to be received. That the verdict may be cut in two is an arbitrary assumption of the judge who attempts to substitute his view of what is legal in place of the jury's view of what is right. This cannot be accepted as the verdict, unless the court might properly have directed it. That it could not do if there was a fact properly before it to try.