SILAS C. HYNDSHAW, APPELLEE, v. BERT L. MILLS,
APPELLANT.

FILED MARCH 28, 1922.   No. 21503.

1. **Trial: VERDICT.** A verdict finding for plaintiff, naming the
   amount of recovery, and directing that it be applied upon plain-
   tiff's indebtedness to a stranger to the action, *held*, under the
   pleadings and evidence, to be not responsive to the issues, and not
   curable by rejection of the extraneous portions as surplusage.

2. ———: **INSTRUCTIONS: PROOF.** An instruction to the effect that
   defendant, in order to avail himself of the defense of fraud, must
   prove the elements of the fraud to the jury's *satisfaction* is er-
   roneous, as requiring a greater degree of proof than the law de-
   mands in a civil action.

3. ———: ———. It is error to refuse a proffered instruction which
   is warranted by the evidence and correctly states the law of the
   case, unless the principles involved are covered by other instruc-
   tions given. *First Nat. Bank v. Carson*, 30 Neb. 104.

APPEAL from the district court for Thomas county:
BAYARD H. PAINE, JUDGE. *Reversed.*

*Sullivan, Squires & Johnson* and *F. A. Reisner*, for ap-
pellant.

*H. L. Wilson* and *N. T. Gadd*, contra.

Heard before MORRISSEY, C. J., ALDRICH, ROSE and
FLANSBURG, JJ., HOBART, District Judge.

HOBART, District Judge.

The appellee, Hyndshaw, owned a garage business, a stock of goods incidental thereto, and certain accounts receivable. He alleges that he sold the same to the appellant, Mills, by oral contract, and that Mills agreed to pay for it as follows: (1) To pay the outstanding indebtedness that had been incurred in the previous conduct of the business; (2) to pay a note of some $2,600 which Hyndshaw owed to the Thedford bank and which was secured by a trust deed to real estate given by his mother, Dolly M. Hyndshaw; (3) to pay to Hyndshaw the balance then remaining of the purchase price, which price was to be determined by invoicing the stock on an agreed basis of values. Hyndshaw brought this action against Mills; alleging performance on his own part and acceptance of the stock of goods by Mills, and praying judgment for $6,000 under the contract. Mills, by his answer, denied the consummation of the contract, alleging that some preliminary negotiations were had, looking to such a contract, but were broken off by him upon the discovery of fraudulent misrepresentations made by Hyndshaw as to the value of the stock and the amount of indebtedness.

Upon trial to a jury the following verdict was returned:

"We, the jury, * * * do find for the plaintiff and fix the amount of his damages at $2,300, which must be applied on note of $2,673.25, and interest to date in favor of the Thedford bank and secured by trust deed on three lots owned by Dolly M. Hyndshaw."

On this verdict judgment was entered in favor of the plaintiff, Hyndshaw, and against the defendant, Mills, for $2,300 and costs, and Mills has appealed.

Numerous assignments of error are made. We shall consider first the sufficiency of the verdict to support the judgment rendered. Obviously the latter part of the verdict is of no effect, because the bank was not a party to the action. The question is whether such latter part may be rejected as surplusage, while the former part is taken as the finding of the jury upon the issuable facts. The case

of *Hallett v. Ransom*, 97 Neb. 643, is cited by appellee to support the judgment of the trial court, but we are of the opinion that the circumstances of the two cases are not sufficiently parallel. The syllabus of the cited case is:

"Where the verdict contains proper findings on the issuable facts submitted to the jury, clearly indicating the judgment which the law should pronounce, severable matter outside of the pleadings, the proof, the issues, the instructions, and the law may be rejected as surplusage."

In that case there was but one question for the jury to decide, to wit, the plaintiff's right to recover. That question being determined affirmatively, the amount of recovery was fixed by the law, the jury had nothing to do with it, and the jury had been so instructed. The jury's attempt to modify the amount was therefore, as said in the syllabus, outside the proof, the issues, the instructions, and the law. But the one issuable fact which it was the jury's province to determine was decided by the finding in favor of the plaintiff, and this court remarked that such finding was not only supported by the evidence, but responded to the demands of justice and equity.

. In the case at bar the circumstances are substantially different. It appears that the defendant, Mills, was president of the Thedford bank when Hyndshaw gave to the bank the $2,600 note which Mills is alleged to have afterwards assumed as part of the purchase price of the garage. It is further fairly established by the evidence that the indebtedness which Mills is alleged to have assumed was more in the aggregate than the value of the property he would receive, so that Mills, under the contract, would not owe the plaintiff anything. It is impossible to avoid the inference, first, that the jury found nothing due from Mills to the plaintiff; second, that the jury regarded the note of Hyndshaw and his mother to the bank as being in reality an indebtedness to Mills; and, third, that the jury assumed to itself the extra-juridical function of canceling this indebtedness as a matter of poetic justice.

We cannot say in this case, as was said in *Hallett v.*

*Ransom, supra,* that a finding for the plaintiff is not only supported by the evidence, but responds to the demands of justice and equity.  More than that, we cannot even say with conviction in this case that the jury intended to find in favor of the plaintiff and against the defendant, Mills. The reasonable interpretation of the verdict as returned seems to be a finding against the defendant Mills in favor of the Thedford bank, and ultimately in favor of the plaintiff's mother, Dolly M. Hyndshaw, whose property was liable to the bank's claim.  This interpretation receives some support from affidavits incorporated in the record. Such a verdict, of course, was not responsive to the issues, was contrary to law, and void.  It should not have been received, or judgment entered upon it.

We think there is also error in one of the instructions given by the court, which was, in part, as follows:

"One of the defenses interposed is that of fraud charged to have been committed by plaintiff.  In order for defendant to be relieved by the fraud as charged, it is necessary that Mr. Mills must have proved to your satisfaction that Mr. Hyndshaw made false representations, as to the amount of the stock in the garage and the amount due to his creditors, that Mr. Mills was ignorant of the falsity thereof and believed it to be true, that such statements were made with the intent that they should be acted upon by Mr. Mills to his damage, and that he did so act and was damaged."

Complaint is made of this instruction because it requires of the defendant a higher degree of proof than the law demands in civil actions.  The criticism is well founded. The defendant was obliged to establish his affirmative defense by a preponderance of the evidence only, and not to the unqualified "satisfaction" of the jury.  The general legal acceptation of the term "satisfactory evidence" is that degree of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt.  17 Cyc. 754, 762.

The defendant requested the following instruction:

"You are instructed that in this case, if you find that

the preponderance of the evidence shows that an enforceable oral contract for the sale of the property from the plaintiff to defendant was agreed upon, then the value of said property and the amount of plaintiff's debts incurred for carrying on the garage business in Thedford are material facts to be considered by the jury; and if you find from a consideration of all the evidence that the plaintiff represented to defendant that said debts were at that time much less than they really were or that the amount and actual value of his property mentioned in plaintiff's petition was much more than it really was, then you are instructed that said representations are material facts for your consideration; and in that event if you find from the whole of the evidence that defendant Mills believed such representations and relied thereon and was induced thereby to make such contract your verdict must be for the defendant, provided you find from all the evidence that defendant within a reasonable time after discovering the falsity of said representation rescinded said contract and took no benefits therefrom and restored or tendered to the plaintiff all the property which he may be shown by the evidence to have received thereunder."

This was a correct statement of the law and was responsive to the issues and the evidence. The court gave no instruction of its own motion covering this phase of the case. It is error to refuse an instruction warranted by the testimony and containing a correct statement of the law of the case, if the principles have not been covered by the charge of the court. *First Nat. Bank v. Carson*, 30 Neb. 104; *Bays v. State*, 6 Neb. 167; *Matthewson v. Burr*, 6 Neb. 312; *Robison v. Uhl*, 6 Neb. 328.

For the reasons given, the judgment of the district court is reversed and the cause remanded.

REVERSED.