FIRST NATIONAL BANK OF BERTRAND, APPELLANT, V. GEORGE B. AMIOT, APPELLEE.

FILED MAY 17, 1922. No. 21746.

1. **Appeal: VERDICT: OBJECTIONS.** Objections to the form of a verdict should be made in the trial court at the time of its rendition to be of any avail in this court.

2. **Trial: VERDICT.** Where the verdict contains proper findings on the issuable facts submitted to the jury, clearly indicating the judgment which the law should pronounce, severable matters outside of the pleadings, the proof, the issues, the instructions and the law may be rejected as surplusage.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. Affirmed.

Frank A. Anderson and S. A. Dravo, for appellant.

O. E. Bozarth and A. J. Shafer, contra.

Heard before LETTON, DAY and DEAN, JJ., SEARS and WESTOVER, District Judges.

WESTOVER, District Judge.

This is an action brought by appellant, hereafter called plaintiff, to recover on a promissory note for $72. The plaintiff claims that it purchased the note in due course, before maturity, for value, and without notice of any defense thereto.

The defendant for answer denies the allegations of the

petition, and by way of defense alleges: That Roscoe J. Slater, an officer of the plaintiff bank, recommended and advised the defendant to procure and purchase certain shares of stock in the Investors' Syndicate of Minneapolis, Minnesota; that said recommendation was written upon a card which was presented to the defendant by an agent and representative of said Investors' Syndicate of Minneapolis, Minnesota; that said agent of said Investors' Syndicate, with the knowledge and consent of plaintiff bank and Roscoe J. Slater, to induce the defendant to sign the note in question, represented that, if defendant signed and delivered the note, at the end of two years, if defendant was not satisfied, he could withdraw from said syndicate, and that the withdrawal value of his share therein at the end of two years was of a value of $72, and that the same would be paid to defendant without charge or expense, and that he could so withdraw without further liability, cost or expense to him; that said statement was false and untrue, and was so known to be false and untrue by the plaintiff bank and Roscoe J. Slater and the agent, and was made with the purpose to cheat and defraud the defendant; that the agent of said syndicate, with the knowledge and consent of the plaintiff bank and Roscoe J. Slater, represented that at the end of three years this defendant could withdraw out of said syndicate the said $72 and all the sums paid, together with 2 or 3 per cent. interest thereon, without further cost or expense to the defendant, which representations were false, and were made for the purpose of inducing the defendant to sign the note in question; that upon the receipt of said certificate defendant discovered that said representations were wholly false, and that said $72 and other sums paid could only be drawn at the end of six years, and then without interest or income; thereupon defendant notified the agent of the syndicate that he rescinded his purchase and demanded the return of his note, and said agent agreed that the plaintiff bank would arrange to take over the certificate and return to defendant his note; that defendant demanded his note of plaintiff bank, and said bank informed

him that it did not have or own the note and had not purchased it, and defendant prayed that said action be dismissed and for his costs. To this answer the plaintiff filed a reply denying the allegations of new matter therein contained.

The case was tried to a jury, and the jury returned the following verdict: "We, the jury duly impaneled and sworn in the above entitled cause, do find for the defendant, for the following reasons: That upon inquiry by the defendant, that he was led to believe that said note was not in possession of said bank and that he was not notified of same until several months past maturity, also that the defendant had not received value as represented. Dated this 28th day of April, 1920. Hayes W. LeFever, Foreman."

No objections were made to the form of the verdict at the time it was returned, and after the verdict was received without objection it was then too late to urge either upon the trial court or this court objections to the form of verdict. *Roggenkamp v. Hargreaves,* 39 Neb. 540; *Brumback v. German Nat. Bank,* 46 Neb. 540; *Jones v. Driscoll,* 46 Neb. 575.

A motion for a new trial was filed by plaintiff and overruled by the court, and judgment was entered on the verdict. In overruling the motion for a new trial and entering judgment on the verdict, the trial court undoubtedly disregarded the reasons for the verdict as stated therein, and rejected such reasons as surplusage, thus leaving the general verdict finding for defendant, upon which judgment was entered. In this we hold the trial court committed no error. In *Hallett v. Ransom,* 97 Neb. 643, it is said: "Where the verdict contains proper findings on the issuable facts submitted to the jury, clearly indicating the judgment which the law should pronounce, severable matter outside of the pleadings, the proof, the issues, the instructions and the law may be rejected as surplusage." In *State v. Beall,* 48 Neb. 817, it is said: "A verdict which responds to all the issues made by the pleadings should not

be rejected on account of immaterial findings or recommendations superadded by the jury." In *Gover v. Turner,* 28 Md. 600, the supreme court of Maryland, in upholding a verdict where the jury had departed from the proper form by assigning reasons for their finding, said: "It is true, the verdict is not in the usual form, the jury having assigned the reason upon which they based it; but, as we have said, we do not regard this departure from the usual form as material. 'Where the intention of the jury is manifest and beyond doubt, the court will set right matter of form.' "

Having held that the trial court properly disregarded the reasons assigned by the jury for their verdict as surplusage, it leaves a general verdict finding for the defendant. This verdict is responsive to the issues raised by the pleadings and the instructions given by the court; and from a careful review of the evidence in the case there is no doubt but the verdict is fully warranted by the evidence. But two witnesses testified in this case, the cashier of the plaintiff bank on one side and the defendant on the other. If the jury believed the defendant's testimony, which it had a right to do, the verdict was right and is supported by sufficient evidence. The record discloses that there is no doubt the note in question was procured originally by fraud and misrepresentations. The defendant testified to facts from which no other conclusion can be drawn, and there is nothing to the contrary in the record. Under these circumstances, the burden of proof was upon the plaintiff, and before it could recover it was required to satisfy the jury by a preponderance of the evidence that it purchased the note in good faith, in due course, and without notice of any defense thereto. From the evidence in the case the jury were fully warranted in believing that the plaintiff had notice of the fraudulent character of the transactions leading up to the execution of the note.

There is no complaint made as to any instructions given by the court, and we find no error in the record, and the judgment is                                     AFFIRMED.