PEOPLE v. DOWD.

1. CRIMINAL LAW—LARCENY—CORPUS DELICTI.
   In prosecution for larceny, evidence of felonious taking, apart from extrajudicial confessions of defendant, *held*, sufficient to establish *corpus delicti*.

2. SAME—EVIDENCE—EXTRAJUDICIAL CONFESSIONS.
   Where there was other proof of larceny, extrajudicial confessions of defendant were admissible for purpose of connecting him with offense.

Error to Barry; McPeek (Russell R.), J. Submitted October 16, 1930. (Docket No. 169, Calendar No. 35,200.) Decided December 2, 1930.

Ernest Dowd was convicted of larceny. Affirmed.

*Kim Sigler,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Wm. G. Bauer,* Prosecuting Attorney, for the people.

CLARK, J. Defendant was charged with and convicted of larceny of a quantity of wheat, 100 bushels, of the value of $100, the property of Smith D. Standley, who had, in a locked granary on his farm, of which defendant was tenant, several hundred bushels of wheat, which, except for 4 or 5 bushels, disappeared between March, 1929, and November, 1929. At the trial there was searching inquiry of whether the wheat might have been lost by means other than somebody's criminality.

The principal question presented is that the prosecution failed to establish the *corpus delicti,* and that the court erred in admitting evidence of extrajudicial confessions, and in not directing a verdict for defendant.

Assuming that the rule in this State requires to establish *corpus delicti* more than mere proof of loss, here property missing, but requires also proof of somebody's criminality as the source of the loss (*People* v. *Ranney,* 153 Mich. 293 [19 L. R. A. (N. S.) 443]), we think there was sufficient evidence, direct and circumstantial, with reasonable inference therefrom (*Peterson* v. *Oceana Circuit Judge,* 243 Mich. 215), to establish the *corpus delicti aliunde* the confessions of defendant.

The evidence apart from the confessions will sustain a finding that there was a loss of the wheat by

a taking without the consent of the owner, a felonious taking. *People* v. *Jacks*, 76 Mich. 218; *People* v. *Lapidus*, 167 Mich. 53; *People* v. *Mondich*, 234 Mich. 590.

There being other proof that a crime had been committed, the confessions were admissible for the purpose of connecting the defendant with the offense. Cooley's Const. Limitations (7th Ed.), p. 444; *People* v. *Kirby*, 223 Mich. 440.

The case was for the jury and was properly submitted to them.

Judgment affirmed.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.