George Backer et al., Appellants, v. City of Sidney, Nebraska, Appellee.

89 N. W. 2d 592

Filed April 25, 1958. No. 34268.

*Holtorf & Hansen* and *Thorpe & Babcock,* for appellants.

*Clinton & McNish,* for appellee.

*Clarence S. Beck,* Attorney General, and *Harold S. Salter,* amici curiae.

Heard before Simmons, C. J., Carter, Messmore, Chappell, Wenke, and Boslaugh, JJ.

Messmore, J.

In reconsidering syllabus No. 3 in the original opinion, 165 Neb. 816, 87 N. W. 2d 610, we conclude that it should be withdrawn and in its place the following substituted: The most satisfactory distinction between general and special benefits is that general benefits are those which arise from the fulfillment of the public object which justified the taking, and special benefits are those which arise from the peculiar relation of the land in question to the public improvement. In other words the general benefits are those which result from the enjoyment of the facilities provided by the new public work and from the increased general prosperity resulting from such enjoyment. The special benefits are ordinarily merely incidental and may result from physical changes in the land, from proximity to a desirable object, or in various other ways.

Any language appearing in the opinion or holding

contrary to the foregoing is hereby withdrawn and should be disregarded.

Insofar as special benefits are concerned, as a matter of law there were none except as the same may refer to drainage and the court was in error in submitting that issue generally. In view of the foregoing any language appearing in the opinion to the effect that no special benefits accrued to the plaintiffs' lots should not be considered as applying to drainage. In other words, it is a question for a jury to determine as to whether or not any special benefits accrued to plaintiffs' lots by virtue of the improved drainage resulting thereto by reason of the improvement and the trial court should limit the issue of special benefits thereto.

The original opinion is corrected as above set out.

The motion for rehearing is overruled.

ORIGINAL OPINION CORRECTED.

MOTION FOR REHEARING OVERRULED.

YEAGER, J., participating on briefs.