ENTERPRISE COMPANY, INC., A CORPORATION, APPELLEE, V. SANITARY DISTRICT NO. ONE OF LANCASTER COUNTY, NEBRASKA, A PUBLIC CORPORATION, APPELLANT.
125 N. W. 2d 712

Filed January 17, 1964. No. 35530.

Kier, Cobb & Luedtke and Janice L. Gradwohl, for appellant.

Ginsburg, Rosenberg & Ginsburg and Norman Krivosha, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ., and LYNCH, District Judge.

BOSLAUGH, J.

Sanitary District No. One of Lancaster County, Nebraska, commenced this proceeding to obtain an easement for the purpose of enlarging an existing drainage ditch. Enterprise Company, Inc., is the owner of the land involved in the proceeding. For convenience, Enterprise will be referred to as the plaintiff, and the Sanitary District as the defendant.

The plaintiff recovered damages in the amount of $13,005 in the trial court. The defendant appeals from that judgment. The assignments of error relate to the sufficiency of the evidence to sustain the judgment and the instructions to the jury.

The land owned by the plaintiff is an irregular tract lying east of the Chicago & North Western Railroad right-of-way and south of Adams Street in the City of

Lincoln, Nebraska. The land is in an industrial area and is used for industrial purposes.

In 1930, the defendant obtained an easement for a drainage ditch along the western boundary of the property. The easement obtained in this proceeding is adjacent to and along the east line of the 1930 easement. The taking which is involved in this appeal is an area 18 feet wide and 1,100 feet long. It amounts to .47 of an acre.

Prior to the taking the plaintiff had constructed a building on the property. The building is leased to Mapes Industries, Inc., and is used for manufacturing purposes. The building when constructed was 33 feet east of the east line of the 1930 easement. Since the easement obtained in this proceeding is 18 feet in width, the west line of the Mapes building is now 15 feet from the east line of the defendant's easement.

There was evidence that the land taken had a value of $4,000 per acre at the time of the taking. The defendant produced evidence that the land was of a lesser value, but in testing the sufficiency of the evidence to support a judgment the evidence must be considered in the light most favorable to the successful party. O'Neill v. State, 174 Neb. 540, 118 N. W. 2d 616.

There was evidence that the taking of the easement and the enlarging of the drainage ditch will require that the foundation of the Mapes building be protected and reinforced to prevent the collapse of the building; that the fair and reasonable value of this additional construction is $11,000; that prior to the taking the area between the west line of the Mapes building and the east line of the 1930 easement could be used for parking and similar uses; that the area remaining between the west line of the building and the east line of the new easement is so narrow that it cannot be used for parking and similar uses; and that the effect of the taking was to destroy the value of the 15-foot area west of the Mapes building.

The evidence which we have summarized was sufficient to sustain the judgment. Therefore, it is unnecessary to discuss the evidence relating to the other items of damage claimed by Enterprise. The assignments of error relating to the sufficiency of the evidence to sustain the judgment are without merit.

The defendant contends that the trial court should have instructed the jury that a landowner cannot recover damages that are uncertain, conjectural, or speculative. A landowner has no right to recover such damages. However, there is no duty upon a trial court to instruct the jury concerning damages that cannot be recovered.

It is the duty of the trial court to instruct the jury as to the proper basis upon which damages are to be assessed and to fully and fairly inform the jury as to the various items of damage which should be taken into consideration in arriving at the verdict. Zager v. Johnson, 174 Neb. 106, 116 N. W. 2d 1. The instructions given in this case relating to damages were adequate.

The defendant contends that the jury should have been instructed concerning the law of the second taking. The contention has reference to the rule that when a drainage ditch erodes beyond its easement, the encroachment upon the adjoining land constitutes a second taking for which damages may be recovered. McGree v. Stanton-Pilger Drainage Dist., 164 Neb. 552, 82 N. W. 2d 798.

The evidence in this case shows that the drainage ditch of the defendant has eroded and at many places now extends beyond the east line of the 1930 easement. This was a reason why the defendant wanted to obtain the additional easement. Instead of stabilizing the banks of its ditch, the defendant decided to obtain an additional easement.

The defendant did not allege that it had obtained any rights to the additional easement by prescription or purchase but proceeded upon the theory that the entire

property taken belonged to the plaintiff. In effect, this proceeding was the second taking. Thus, there was no issue in this case concerning a second taking.

It is the duty of the trial court to instruct the jury upon the issues presented by the pleadings and supported by the evidence. Stillwell v. Schmoker, 175 Neb. 595, 122 N. W. 2d 538. There is no duty to instruct in reference to a matter that is not an issue in the case. The instructions which were given by the trial court were adequate and proper and the trial court was not required to instruct concerning a second taking.

The defendant contends that the jury should have been instructed concerning the law of special benefits and the law of estoppel. The defendant argues that the plaintiff will receive a special benefit by reason of the ditch being available to carry away drainage from the plaintiff's land, and that this benefit should be set off against any damages which otherwise may be due the plaintiff. The defendant further argues that the plaintiff contributed to the erosion of the banks of the drainage ditch because surface water from the plaintiff's property drained into the ditch and a septic tank system installed by the plaintiff tended to saturate the soil and cause the east bank to slough off into the ditch.

General benefits are those which result from the enjoyment of the facilities provided by a public improvement. Special benefits are those which arise from the peculiar relation of the land in question to the public improvement and are not shared by all other land within range of the public improvement. Backer v. City of Sidney, 165 Neb. 816, 87 N. W. 2d 610, on rehearing, 166 Neb. 492, 89 N. W. 2d 592.

The evidence in this case does not show that any special benefit will accrue to the plaintiff's land by reason of the enlarging of the drainage ditch. The benefit which the plaintiff's land enjoys is from the existing ditch. It is a general benefit and one which accrued at the time the ditch was originally constructed. Consequently,

there was no duty upon the trial court to instruct concerning special benefits.

The defendant did not allege and the evidence does not show any act or conduct on the part of the plaintiff which would estop the plaintiff from recovering damages resulting from the taking. The defendant did not allege that the construction of the septic system was negligent or illegal or that the plaintiff was not entitled to drain its land into the ditch. There was no issue in this case with respect to estoppel and no instruction concerning it was required.

Idlewild Farm Co. v. Elkhorn River Drainage Dist., 114 Neb. 134, 206 N. W. 741, cited by the defendant, is not applicable to this case. The plaintiff here did not participate in the design, construction, or operation of the defendant's drainage ditch.

The judgment of the district court is affirmed.

AFFIRMED.