ALBIN BARTOSH, APPELLANT, V. RAY SCHLAUTMAN, DOING BUSINESS AS SCHLAUTMAN TRANSFER COMPANY, APPELLEE.

147 N. W. 2d 492

Filed December 22, 1966. No. 36281.

Richards, Yost & Schafersman, for appellant.

Edward Asche and Sidner, Gunderson, Svoboda & Schilke, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

McCOWN, J.

This is an action for personal injuries and property damage sustained by the plaintiff and appellant, Albin Bartosh, in a collision with a truck owned by the defendant and appellee, Ray Schlautman, doing business as Schlautman Transfer Company. Defendant and appellee filed a cross-petition for damage to his truck, and at a trial before a jury was awarded a verdict on his cross-petition. Judgment was entered accordingly, motion for new trial was overruled, and plaintiff appealed.

The accident occurred on the evening of Sunday, November 8, 1964, on highway 91, a short distance east of Dodge, Nebraska. Plaintiff had been operating a farm tractor and cornpicker in an adjacent field, pulled on to the highway with the tractor, mounted picker, and towing a farm wagon loaded with ear corn. He attempted

to shift gears and the gears jammed so that he came to a stop in the right-hand lane of the hard-surfaced highway. He immediately proceeded to repair the tractor. There were no flares placed and no lights upon plaintiff's vehicle. While repairing the tractor, the wagon was struck from the rear by defendant's truck.

The evidence relating to whether or not the accident happened before or after a half hour after sunset, the extent of the darkness, and the extent of visibility on the highway was conflicting.

During the time that plaintiff's vehicles were stalled upon the highway, one other automobile had approached from the rear and passed him on the left. A second had approached from the rear and driven into the right-hand ditch to avoid colliding with the plaintiff's vehicles. The third vehicle to approach from the rear was defendant's truck.

Plaintiff requested the following instruction: "You are instructed that the driver of a motor vehicle must at all times have the same under control so that it can be stopped within the range of the driver's vision, or the range of its lights." This instruction was refused, but the court did instruct generally on the duties of a motorist regarding "control" and "lookout." Pertinent parts of the court's instruction No. 11 are as follows: "It is the duty of drivers of vehicles to keep such diligent watch and lookout and have their vehicles under such reasonable control at all times as will enable them to avoid collision with others, assuming that such others will also exercise ordinary care. * * * Each driver must use such senses of sight and hearing, and such other instruments as are at his command, to use ordinary care to avoid an accident, and it is the duty of drivers of vehicles to look and see that which is in plain sight."

Plaintiff insists that the trial court committed error in failing to give the instruction requested.

Where reasonable minds may differ on the question of whether a motorist exercised the ordinary care required

of him under the circumstances, the issue of negligence is one of fact for the jury. Weisenmiller v. Nestor, 153 Neb. 153, 43 N. W. 2d 568; Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422; Anderson v. Nincehelser, 152 Neb. 857, 43 N. W. 2d 182.

Generally it is negligence, as a matter of law, for a motorist to drive so fast on a highway at night that he cannot stop in time to avoid collision with an object within the area lighted by his headlights. Robins v. Sandoz, 175 Neb. 5, 120 N. W. 2d 360; Pool v. Romatzke, 177 Neb. 870, 131 N. W. 2d 593; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250.

Exceptions to the general rule that a motorist who cannot stop his automobile in time to avoid collision with an object within the range of his vision is negligent as a matter of law embrace those situations where reasonable minds might differ as to whether the motorist was exercising due care under the particular circumstances. Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571.

An exception to such general rule occurs when the object struck is the same color as the roadway and cannot ordinarily be observed by the exercise of ordinary care in time to avoid a collision. Weisenmiller v. Nestor, *supra.*

In this case, plaintiff specifically alleged a violation of the general rule and the defendant specifically alleged facts within the exception to the rule. The so-called general rule is a rule of law which, from its inception in Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473, has been stated as being subject to many exceptions. The exceptions are discussed and referred to in Robins v. Sandoz, 177 Neb. 894, 131 N. W. 2d 648, and in Guynan v. Olson, supra. To say the least, it is difficult to determine the exact extent to which the exceptions have undercut the general rule, but we have consistently announced our adherence to it. The general rule is not an automatic rule of thumb nor a rigid formula to be applied regardless of circumstances. The applica-

bility of the rule, as a matter of law, depends on the individual circumstances and is for the court's determination. Where an exception clearly applies, the general rule does not apply. Where the general rule does not apply as a matter of law, the determination of negligence is for the jury under the rules and standards of due care under the particular circumstances as applied in motor vehicle cases.

The evidence here established that the highway surface was a light color, or gravel color, as referred to by one witness; that the back of the wagon was of new shiplap or lumber color; and that there were no lights of any kind on the wagon, the corn picker, or the tractor. There were only two witnesses who testified as to the appearance of the wagon from the rear prior to the accident. The witness who approached at an undisclosed time before the accident testified that he could see something unusual on the highway from an undisclosed distance, but that he "couldn't tell at first what it was until we went by and then I seen it. * * * It kind of looked—a fellow couldn't tell exactly. It looked like something in the way but exactly what it was I didn't know until I got closer."

The only other witness as to visibility was an individual who approached from the rear only moments before this accident, was forced to drive his vehicle into the ditch to avoid colliding with the wagon, and was still in the ditch when this accident happened. He testified that he thought he saw something in the road that was not definite but was "more of a shadow"; that he didn't think he could stop and, therefore, went into the ditch; and that at the time he took to the ditch, it appeared like a shadow in the shape of a door. He also testified that the color blended right in and that he could not see it until "you were too close to be able to do anything else." All of the automobiles had their lights on.

Under such circumstances, the exceptions involving visibility of the object clearly applied rather than the

general rule. Under the evidence here, the giving of the instruction requested by the plaintiff would not only have been confusing to the jury, it would have been prejudicial to the defendant and did not correctly state the law upon the issue presented by the pleadings and the evidence. It is not error to refuse a requested instruction if the legal principles therein announced are either incorrectly stated or inapplicable to the issues involved. Frazier v. Anderson, 143 Neb. 905, 11 N. W. 2d 764.

The plaintiff made no specific request for any other explanatory instruction and the instructions given by the court fairly and properly presented to the jury the material matters and issues of negligence and ordinary care. The instructions specifically submitted to the jury the allegation that the defendant's driver was negligent in failing to drive so as to be able to stop within the range of his vision as one of the material allegations, and authorized a verdict for the plaintiff if the jury found the defendant's driver guilty of negligence in that respect. The instructions taken as a whole fairly submitted the issues of negligence and contributory negligence to the jury. In testing the sufficiency of the evidence to support a verdict, it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can be reasonably deduced therefrom. Schmeeckle v. Peterson, 178 Neb. 476, 134 N. W. 2d 37.

It follows that the judgment was proper and is affirmed.

AFFIRMED.

WHITE, C. J., dissenting.

It is the duty of the trial court, whether requested to do so or not, to instruct upon all of the material issues presented by the pleadings and supported by the evidence. This rule is so fundamental as to not require any citation of authority. As the majority opinion points

out, the plaintiff specifically alleged a violation of the general rule that it is negligence for a motorist to drive an automobile on a highway in such a manner that he cannot stop or turn aside in time to avoid a collision with an object within the range of his vision. This is familiarly called "the range of vision" rule. As the majority opinion points out, this allegation was traversed by the defendant in which he specifically alleged facts within the exceptions to the general rule. The crucial issue, if not the only issue in the case, was the visibility or discernibility, under the circumstances, of the plaintiff's tractor and wagon. It may be said that the whole case revolved around the determination of this issue. Whatever may be the language in some of our cases attempting to generalize the exceptions, the rule with reference to the application of the exceptions in this case is clearly stated in Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571, as follows: "In the application of this rule (the range of vision rule), we have applied the exceptions to the situations where the object, obstruction, or depression is of the same color as the roadway, and for that reason, or for other sufficient reasons, *cannot be observed* by the exercise of ordinary care in time to avoid a collision." (Emphasis supplied.) The issue as to visibility or discernibility of the tractor and the wagon in this case was in hot dispute. The majority opinion does not challenge the conclusion that the question was for jury determination. Reasonable minds could differ as to whether the tractor and wagon could be observed by the exercise of ordinary care in time to avoid a collision. The parties pleaded the rule and the exceptions thereto, and there was evidence to support a finding either way by the jury. It was, therefore, the court's duty irrespective of any request to properly instruct the jury as to the rule and as to the exceptions thereto, as applicable to this case. And yet the court, by a circuitous method of reasoning, comes to the conclusion that although the rule and the exceptions are pleaded by the

parties and supported by the evidence that it is not necessary to instruct the jury as to the applicable rules pertaining thereto.

The plaintiff in this case requested an instruction which consisted of a statement of the general rule without including therein the applicable rule with reference to the exceptions. There was evidence, of course, supporting the existence of the exceptions. Conceding, therefore, that it would have been error to give the requested instruction, this would in no way have absolved the trial court from the duty to instruct as to the law upon material issues pleaded and supported by the evidence and which in fact were submitted to the jury for consideration. Surely, if an erroneous instruction was requested as to the elements of lookout or control in a negligence case, it could not be contended that such an erroneous request would absolve the court from the duty of properly instructing upon the issues of lookout or control.

The majority opinion states: "Where an exception clearly applies, the general rule does not apply." The point is that this question is for the jury to determine under all of the circumstances of the case. This court has no right or power, as a matter of law, to determine that an exception "clearly applies" in this case. The evidence was conflicting. There was evidence to support the existence of the exceptions and to support a finding that the object was not visible or discernible by the use of ordinary care. Surely the jury was entitled to determine this essential fact of the case. The majority opinion holds, in effect, that as a matter of law this case comes within the exceptions to the rule. Although submitting the case to the jury, the effect of the holding is to determine, as a matter of law, that the tractor and wagon could not be discovered by the exercise of reasonable care under the circumstances. This is clearly an invasion of the province of the jury. The range of vision rule is certainly not merely an abstract formula

for the technical application of this court in the determination of whether a case should be submitted to the jury or not. In Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870, it is stated as follows: " 'The basis of this rule is that a driver of an automobile is legally obligated to keep such a lookout that he can see what is plainly visible before him and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the object he can stop his automobile in time to avoid it.' Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106." The rule is one of substantive law governing the degree of lookout, control, and speed of drivers on highways. It is as much a part of the law as any statute. Could it be argued that if this rule happened to be enacted into statute, that the court would not be required to inform the jury of its application when the issues as raised by the pleadings and the evidence supported its application?

The majority opinion states, "Under such circumstances, the exception involving visibility of the object clearly applied rather than the general rule." With this statement, I disagree. The evidence as to visibility was conflicting. There was evidence supporting a determination by the jury that the facts came within the exceptions and that the tractor and wagon were not discernible by the exercise of ordinary care and there was evidence to the contrary. The jury had a right to determine that the object was visible and a right to know what the applicable law was in the event that it determined that the rule applied rather than the exceptions.

It would seem that the range of vision rule, by the holding in this case, is now withdrawn from jury consideration in the State of Nebraska. If any evidence is introduced supporting the exceptions the rule is destroyed as far as the jury's consideration of it is concerned. Moreover, the confusion that will result is apparent from this case. This court in this case specifically holds that the range of vision rule was submitted to the

jury and that this was proper. And yet, at the same time, this court holds that it was not necessary or proper for the court to instruct the jury as to the rules of law applicable. The "range of vision" rule was adopted in 1928 in the case of Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473. Since that time there appears to be no question in the cases where the evidence is conflicting that the issues should be submitted to the jury together with appropriate instructions covering the rule and the exceptions. See Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612. The case presented here is a typical rear-end accident case. Whether the rule applied or not depended upon the visibility of the object. This issue was submitted to the jury and the jury was entitled to know the applicable law pertaining thereto.

Brower, J., concurs in this dissent.

NEWTON, District Judge, dissenting.

I respectfully dissent from the majority opinion entered in this cause. I am in agreement with the statement of facts set forth in the majority opinion but not with the conclusions of fact and applicable law drawn therefrom.

The undisputed evidence shows that plaintiff's tractor stalled on the highway due to a jamming of the gears; and that plaintiff lost no time in attempting to make repairs. Under such circumstances no negligence could be attributed to him due to stopping on the highway. The primary issue in this case as shown by the pleadings and the evidence was the question of visibility of plaintiff's unlighted vehicle. I am in agreement with the following statement found in the majority opinion: "The evidence relating to whether or not the accident happened before or after a half hour after sunset, the extent of the darkness, and the extent of visibility on the highway was conflicting." The record also shows and it necessarily follows that the evidence regarding discernibility of the unlighted farm equipment on the highway was also conflicting. Under such circumstances a jury

question on this issue was definitely presented, and it being the determining issue in the case it would appear that the court must necessarily instruct thereon. The majority opinion states the general rule that: "Generally it is negligence, as a matter of law, for a motorist to drive so fast on a highway at night that he cannot stop in time to avoid collision with an object within the area lighted by his headlights." It further states that: "Where the general rule does not apply as a matter of law, the determination of negligence is for the jury * * *." I agree with these statements, but I emphatically dissent from the statement that in this case "the exception involving visibility of the object clearly applied rather than the general rule." After conceding that the evidence on the factors affecting visibility of the object were conflicting, the majority opinion apparently arrives at the conclusion that the evidence justifies a finding as a matter of law that the general rule did not apply. The conclusion so arrived at is clearly contradictory of the facts conceded to have been established, and apparently this is the basis for the statement contained in the majority opinion to the effect that it is not error to refuse a requested instruction if the legal principles therein announced are either incorrectly stated or inapplicable to the issues involved. Obviously the majority opinion bases this statement on a conclusion that the facts concededly contradictory did not present a jury question regarding the visibility of plaintiff's unlighted vehicle, and cites in justification thereof certain statements of two witnesses, while completely disregarding other contradictory testimony. In other words on the basis of the findings set forth in the majority opinion no jury question was presented, but a verdict should have been directed against the plaintiff as a matter of law, again notwithstanding that it is conceded that the facts involving visibility were contradictory.

The instruction requested by plaintiff on the general rule correctly stated the legal proposition involved, and,

if as pointed out, the evidence was sufficient to present an issue on the question it should have been given. Again I point out that this question of "visibility" was the determining issue in this case. The mere fact that plaintiff's requested instruction did not also present a request for an instruction on the exceptions to the general rule is no justification for refusing the instruction. There is no law of this state that requires a litigant requesting an instruction to present any other than the ones in which he himself is interested. If other instructions are required it is up to the opposing litigant to request them or for the court to supply them.

The failure to instruct on the single most important issue in this case scarcely meets with the following requirement: " 'The purpose of instructions is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict; and, with this end in view, they should state clearly and concisely the issues of fact and the principles of law which are necessary to enable them to accomplish the purpose desired.' " Fulmer v. State, 178 Neb. 20, 131 N. W. 2d 657. The question of visibility being the determining issue in the case, the jury was entitled to have the law pertaining thereto set before it in proper instructions, and this necessitated an instruction on the general rule and also on the exceptions thereto; yet nowhere in the instructions given are these rules of law set forth.

The rejection of the requested instruction and the failure to instruct on the principles mentioned was clearly error. Refusal to give an instruction applicable to facts in evidence not covered by other instructions is error. First National Bank v. Carson, 30 Neb. 104, 46 N. W. 276; Guinard v. Knapp-Stout & Co., 95 Wis. 482, 70 N. W. 671; People v. Jacks, 76 Mich. 218, 42 N. W. 1134. It is error to refuse an instruction warranted by the testimony, and which contains a correct statement of the law of the case, the principles of which have not been covered by the charge of the court. Powder River Live

Stock Co. v. Lamb, 38 Neb. 339, 56 N. W. 1019; Boice v. Palmer, 55 Neb. 389, 75 N. W. 849; First National Bank v. Carson, *supra;* Hyndshaw v. Mills, 108 Neb. 250, 187 N. W. 780; Pearse v. Loup River Public Power Dist., 137 Neb. 611, 290 N. W. 474; Fulmer v. State, *supra*.

It is the duty of the court to submit to the jury all material issues presented by the pleadings which find support in the evidence. Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R. 2d 714; Enterprise Co., Inc. v. Sanitary District No. One, 176 Neb. 271, 125 N. W. 2d 712; Stillwell v. Schmoker, 175 Neb. 595, 122 N. W. 2d 538.

The decisions of this court are replete with statements to the effect that if a litigant desires a more specific instruction on any subject other than that given by the trial court, he must make request therefor. In this case such request was made, and assuming for the moment that the instructions given by the court sufficiently covered the determining feature of "visibility" of plaintiff's vehicle in the absence of a request for a more specific instruction, it was nevertheless error to refuse the more specific instruction when requested. "When instructions are requested by either party to a suit, which correctly state the law upon the issues presented by the pleadings and the evidence received during the trial, it is error to refuse them, unless the points are fairly covered by other instructions given by the court on its own motion." Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501. See, also, Strubble v. Village of DeWitt, 81 Neb. 504, 116 N. W. 154. "If the statements of the charge to the jury upon material matters are general, an explanatory instruction which is pertinent and applicable to the situation should be given if requested. It is error to refuse an instruction warranted by the law and the evidence not covered by other instructions given." Snyder v. Lincoln, 153 Neb. 611, 45 N. W. 2d 749. See, also, Crosby v. Ritchey, 56 Neb. 336, 76 N. W. 895. In rejecting the request for a more specific instruction

which was made by plaintiff, this court has laid down a new rule to the effect that it is entirely discretionary with the trial court whether or not a more specific instruction should be given upon request therefor, and in effect is saying to litigants that it is a waste of time to make application for such specific instructions.