WALTER WRASSE, JR., A MINOR, BY AND THROUGH HIS FATHER AND NEXT FRIEND, WALTER WRASSE, SR., APPELLANT, v. WAYNE D. GUSTAVSON ET AL., APPELLEES.

225 N. W. 2d 274

Filed January 23, 1975. No. 39519.

Schmid, Ford, Mooney, Frederick & Caporale, Waldine H. Olson, and M. Brian Schmid, for appellant.

Emil F. Sodoro and Michael V. Cavel, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This action arises out of an automobile accident. The trial court dismissed the action at the close of the plaintiff's evidence. The sole question presented to us is whether the plaintiff's evidence presented a jury question. We reverse.

The accident occurred shortly after 10:15 p.m. on January 23, 1972, approximately ½ mile south of the Douglas-Washington county line of U. S. Highway No. 73. The right front of plaintiff's vehicle collided with the left rear corner of defendants' vehicle. Plaintiff was seriously injured and his passenger was killed. Plaintiff, who sustained a mild to moderate brain injury, had no memory of the accident. In the opinion of his medical witness he suffered from retrograde amnesia.

U. S. Highway No. 73 at the site of the accident is a four-lane highway, two traffic lanes northbound and two southbound, divided by a median. Each southbound lane is approximately 12 feet wide. U. S. Highway No. 73 at that point is an uphill grade, not steep but gradual, with a slight curve in the highway. The night of the accident was clear with no fog, mist, snow, or rain. Photos of the scene taken within an hour after the collision indicate the highway was snow packed but had been bladed.

A motion for a directed verdict or its equivalent must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and such party is entitled to have every controverted fact resolved in his

favor and to have the benefit of every inference which can reasonably be deduced from the evidence. Dryer v. Malm (1956), 163 Neb. 72, 77 N. W. 2d 804.

Applying this test, defendants' vehicle at the time of the collision was parked without lights, with the left rear extended from 1 to 1½ feet onto the right-hand driving lane of the highway. The parking lane alongside the highway had been cleared of snow for a sufficient width to allow defendants' vehicle to be parked entirely off the main-traveled portion of the highway. There was no artificial lighting in the vicinity of the collision. The dividing line between the traffic lane and the parking lane was visible on the night of the collision. Defendant Wayne D. Gustavson, who was driving a 1968 Ford pickup, parked approximately 10 feet south of the mailbox in front of his girl friend's residence. He did not have either his parking lights or his flashing lights on while parked.

A disinterested witness, who had passed defendants' parked car a very few minutes before the collision, testified that when he was approximately 100 feet from the vehicle he saw a reflection. He was unable to distinguish its shape against the dark background, nor was he able to determine whether it was in his lane of travel, which was the right-hand lane closest to the shoulder. As he approached the vehicle he saw that it was a Ford pickup occupied by a male and a female. The back of the pickup was sticking out into the right-hand traffic lane about 1 foot to 1½ feet. Although the interior light and taillights came on when he was about 35 to 40 feet away, the pickup had been previously unlighted. His wife, who was riding with him, testified that the lights went off after their vehicle passed the parked car.

An expert in accident reconstruction testified the distance from the snow line to the west edge of the traffic lane was 11 feet at the point where a snowplow had caused an indentation in the snow line and tapered down to a distance of 6 feet 8 inches as one proceeded north to

the mailbox. It was in this area that defendants' pickup was parked and the cleared area was of sufficient width to accommodate the entire width of defendants' vehicle which was 6 feet 7.4 inches. It was the opinion of this witness that defendants' vehicle was parked with at least 1 foot 10 inches of the vehicle extended into the driving lane.

Defendants rely on the rule that generally it is negligence, as a matter of law, for a motorist to drive so fast on a highway at night that he cannot stop in time to avoid collision with an object within the area lighted by his headlights. See Fink v. Meister (1972), 188 Neb. 248, 196 N. W. 2d 122. However, an exception to the general rule occurs when the object struck is such that it blends into the surrounding area and cannot ordinarily be observed by the exercise of ordinary care in time to avoid a collision, or reasonable minds might differ as to whether the motorist was exercising due care under the circumstances. See Bartosh v. Schlautman (1966), 181 Neb. 130, 147 N. W. 2d 492.

On Plaintiff's evidence a jury could possibly find that defendants' vehicle could not be distinguished against the dark background; that at a distance of approximately 100 feet a driver passing the defendants' vehicle would be unable to see that it partially blocked his lane of travel; and that a car traveling 65 miles an hour would travel approximately 97.5 feet in 1 second. This could bring the case within the exception to the general rule on stopping within the area lighted by headlights and present a jury question concerning plaintiff's ability to see the defendants' vehicle in time to avoid a collision.

While we might question the testimony that defendants' vehicle could not be distinguished against the dark background in view of the snow cover, the question presented is one for a jury. In an action wherein there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot dis-

regard it and direct a verdict against him. Dryer v. Malm (1956), 163 Neb. 72, 77 N. W. 2d 804.

The judgment of the District Court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.