PAUL GREENWADE, APPELLEE, v. ALLEN W. DRAKE ET AL., APPELLANTS.

277 N. W. 2d 248

Filed April 3, 1979. No. 41973.

Con M. Keating and Gary L. Nedved of Marti, Dalton, Bruckner, O'Gara & Keating, for appellants.

A. James McArthur, for appellee.

Heard before BOSLAUGH, CLINTON, and WHITE, JJ., and RIST and WINDRUM, District Judges.

RIST, District Judge.

This is an action in which plaintiff recovered judgment against defendant for personal injuries arising out of a rear-end motor vehicle collision. Defendant appeals from that judgment.

On October 18, 1976, at approximately 7 a.m., plaintiff was driving a road grader upon U.S. Highway No. 6 within the city limits of Waverly, Nebraska, proceeding east on said highway in the south or eastbound lane. It was dark and plaintiff proceeded with his lights on, two headlights to the front and one red rear taillight on the right side. The left taillight of the grader was not working. No other lights were in operation on the grader. The grader had a light-colored triangular slow-moving vehicle sign mounted on the grader and facing to the rear. This sign was faded, with little reflective quality. The grader was yellow in color with dark rear tires. The yellow part on the rear of the grader was worn to some extent. Pictures of the rear of the grader are in evidence.

Highway No. 6 was a two-lane blacktop highway, one lane for each direction of traffic and was dry and level for several miles each way from the scene of the accident. A vapor street light was on approximately ½ block east of the point of collision.

Plaintiff had entered the highway from the north approximately 1 block west of the point of collision. He stopped, saw car lights about a mile to the west, and proceeded onto the highway, turning east. At the time of the accident he had proceeded approximately 1 block and was going about 10 miles per hour.

Defendant was proceeding easterly on said Highway No. 6 from his home in Dorchester, Nebraska, to his place of employment northeast of Waverly and had been driving for approximately 1 hour prior to the accident. As he entered Waverly he slowed to approximately 45 miles per hour, which was the posted speed limit, and proceeded easterly until he collided with the rear of the grader in the south or eastbound lane of the highway.

The investigating officer testified defendant told him he was approximately 20 feet from the grader when he first saw it, applied his brakes, and the collision occurred. The officer further testified it was dark at the accident scene and with a flashlight he could see the outline of objects. He looked for skid marks with relation to defendant's vehicle and recalled seeing none. He testified the rear light of the grader was dim.

Defendant testified he had his headlights on low beam and the first thing he saw of the grader was "a big * * * yellow drawbar," and simultaneously applied his brakes and collided with the grader. He testified there had been no glare of oncoming headlights affecting him prior to the accident.

The trial court determined as a matter of law that defendant was guilty of negligence in failing to keep a proper lookout and in failing to have his vehicle under reasonable control, but submitted to the jury the issue of whether such negligence was a proximate or proximately contributing cause of the collision, the issue of whether plaintiff was negligent in failing to warn defendant and other traffic of his

presence on the highway during darkness, and the matter of comparative negligence, giving appropriate instructions therefor. The trial court refused defendant's request to submit NJI No. 7.03A on range of vision.

Defendant's motion for new trial raised the issues of the court's determination of defendant's negligence and the refusal to give the requested instruction on range of vision, which motion was overruled and this appeal followed. These issues are the only ones raised as error in this court.

In the outline of facts and evidence set forth above we have stated all the pertinent facts, including all that would inure to defendant's benefit, and have reviewed all the pertinent exhibits. The issues raised on appeal are interrelated and will be considered together.

This court has clearly stated the rule to be that it is generally negligence, as a matter of law, for a motorist to drive his vehicle on a highway in such manner that he is unable to stop or turn aside in time to avoid a collision with an object within the range of his vision. Vrba v. Kelly, 198 Neb. 723, 255 N. W. 2d 269; C. C. Natvig's Sons, Inc. v. Summers, 198 Neb. 741, 255 N. W. 2d 272. With respect to nighttime driving this rule has been stated to be that it is negligence, as a matter of law, for a motorist to drive so fast on a highway at night that he cannot stop in time to avoid collision with an object within the area lighted by his headlights. Bartosh v. Schlautman, 181 Neb. 130, 147 N. W. 2d 492; Wrasse v. Gustavson, 193 Neb. 41, 225 N. W. 2d 274.

The exception to the above rule is in situations where the object or obstruction is of the same color as the roadway, and for that or other such reasons, cannot ordinarily be observed by the exercise of ordinary care in time to avoid a collision. McClellen v. Dobberstein, 189 Neb. 669, 204 N. W. 2d 559; Bartosh v. Schlautman, *supra*. As stated in McClellen,

*supra,* "* * * the question is usually presented as to whether a driver, in order to escape the rule of stopping within the range of vision of a discernible object, is excused for not seeing the vehicle or object in the road ahead of him sooner than he actually did and was unable to escape the collision."

In light of the above rules the issue is whether the trial court was correct in determining defendant did not come within the exception to the general rule. This determination turns upon the facts in evidence. As stated earlier, we have outlined all pertinent evidence with special attention to all facts which might benefit defendant.

Our conclusion is the trial court was correct. A review of the evidence, including the photographs of the highway and the grader, shows a long, level stretch of dry, dark-colored pavement with a street light within ½ block of the accident. There was nothing to obscure or hamper defendant's vision; the basic color of the grader was yellow which was in contrast to the dark color of the pavement; and the wearing of the paint on the grader was not such as to effectively detract from this contrast in color; indeed, defendant admitted his first sight of the grader was a big yellow drawbar. The slow-moving vehicle sign, while not of good reflective quality, was nonetheless light in color and clearly visible, and the taillight of the grader was lighted and visible.

Taken as a whole, the grader, with its lights and sign, constituted an object clearly visible which, with ordinary care, could have been seen within the range of defendant's headlights.

We note also that defendant did not see the grader until approximately 20 feet from it. Under the evidence, this was clearly a failure of defendant to see what he could and should have seen in ample time and at a sufficient distance to avoid the accident.

The trial court could and did correctly determine the general rule, as set forth in Vrba and C. C. Nat-

vig's Sons, Inc., *supra*, applied, and properly ruled defendant was negligent as a matter of law. The case was properly submitted to the jury and both the verdict and judgment thereon are hereby affirmed.

AFFIRMED.