SAMUEL FRIED, PLAINTIFF IN ERROR, v. M. C. REMINGTON, DEFENDANT IN ERROR.

Practice: SETTING ASIDE VERDICT OR FINDING. To justify an interference with the finding of a court or jury, the preponderance of evidence must be clear, obvious and decided; but when the preponderance is so great, it is the duty of the reviewing court to correct the mistake.

ERROR to the district court for Cuming county. Tried below before GRIFFEY, J. The case is stated in the opinion.

*F. M. Johnson, W. H. James* and *J. B. Barnes*, for plaintiff in error.

*R. F. Stevenson,* for defendant in error.

GANTT, J.

The record of this case shows, that on the 24th day of March, 1875, the plaintiff in error executed a note, not negotiable, to C. H. Autzen in the sum of $1,161.17; that on the 24th day of April following, he paid to Autzen, on the note, the sum of $952. The note was

indorsed to T. B. Thurston without date, and afterwards it came into the possession of the defendant in error, who was plaintiff in the court below.    This action was brought to recover an alleged unpaid balance on the note.    The plaintiff in error pleaded payment of the balance to Autzen, about the first of May, 1875, and avers that Autzen then held and owned the note.    A jury was waived and the cause was tried by the court. The main ground of exception to the proceedings is, that the finding and judgment of the court below are not sustained by sufficient evidence and are contrary to law.    The testimony of F. Sonnereschine and Charles Beckman very clearly proves the payment of the balance of the note by Samuel Fried to C. H. Autzen about the 10th of May, 1875; that this payment was made upon this note, and not upon an account claimed by Autzen against Fried, and that "Autzen remarked that they should all take notice that this note was paid in full, and then said he would go and get the note and give it to Fried."    Samuel Fried, plaintiff in error, testified to the same facts, and that he never owed Autzen on book account.    C. H. Autzen was examined as a witness for the defendant in error, and he admits he never had any other note against the plaintiff, but testifies that the payment to him by plaintiff was made upon a book account.    His testimony in this regard is in direct conflict with every other witness in the case. Indeed it seems manifest from his own testimony that this pretended book account was a mere invention without any foundation in truth.    From the testimony, in the record of the case brought into this court, we have no doubt that Autzen had the note when the payment was made by the plaintiff; that payment was made in full of the balance of the note, and that there is error in the finding and judgment of the court below.    No doubt the rule is, that when a case is fairly presented to

a court or jury in order to justify any interference with its finding, the preponderance of evidence against the finding must be clear, obvious and decided.

In the case at bar, we think the preponderance of evidence against the finding, is so clear, obvious and decided, that the finding and judgment cannot be sustained upon any principle of right, justice or morality. The judgment of the district court must, therefore, be reversed, and the cause be remanded for trial *de novo*.

REVERSED AND REMANDED.