PLATTE VALLEY BANK, APPELLANT, V. J. J. FRANTA,
APPELLEE.

300 N. W. 347

FILED OCTOBER 10, 1941. No. 31184.

*Charles H. Slama,* for appellant.

*William T. Gleeson, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE
and YEAGER, JJ., and FALLOON and ELLIS, District Judges.

ELLIS, District Judge.

This is an action in which plaintiff below, appellant here,
sought to recover judgment on two promissory notes against
J. J. Franta and his son Joe C. Franta.

When the trial commenced, both defendants were re-
sisting, but during the course of the trial Joe C. Franta's
offer to confess judgment was accepted, judgment against
him was entered forthwith, and the trial proceeded between
plaintiff and defendant J. J. Franta. The jury returned
a verdict in favor of the defendant.

From the overruling of plaintiff's motion for new trial
plaintiff has appealed. The plaintiff's contention is that
the verdict is so clearly wrong and against the weight of
the evidence that plaintiff is entitled to a new trial and
that the trial court erred in not granting a new trial.

Each of the notes in suit bears an indorsement of interest
paid as follows: "Jul 31 1934 Paid int to 7/26/34." The
action was commenced on July 31, 1939. Both notes were

signed by Joe C. Franta and J. J. Franta, the signatures being in that order.

The answer of the defendants was a joint one in which the defendants pleaded the statute of limitations on behalf of both defendants, and on behalf of the defendant J. J. Franta pleaded the defense of accommodation maker. During the course of the trial J. J. Franta abandoned his defense of accommodation maker so that the only issue submitted to the jury was whether said defendant had paid the interest as indicated by the last indorsement on each of the notes, which indorsements alone avoided the bar of the statute of limitations.

In proof of its cause of action the cashier of plaintiff testified that the indorsements in question were placed on the notes by himself and that the payments of interest indicated were made by J. J. Franta in person with a check on his personal checking account. The amount of the interest accrued to date indicated by the indorsements was $21.

This witness also testified that J. J. Franta had made payments of interest on these notes on April 24, 1934, and of principal and interest on the debt on January 26, 1934, the latter date being the date of one of the notes in suit, which were renewal notes.

The plaintiff also offered in evidence the bank's ledger sheet showing the personal checking account of the defendant on which there appeared debits of the amounts of the January and April payments and a debit of $21 under date of August 1, 1934. The cashier testified that the transaction of July 31, 1934, occurred so late in the day and after the books had been closed that the debit of the check against the defendant's account was run on the next day.

The plaintiff also offered in evidence the bank's "Teller's Cash Journal" for August 1, 1934, which showed the various transactions of that day's business and showed under and among the items of interest received "J. C. Franta 21 —." The cashier testified that credits for interest received

were always entered on the journal in the name of the first signer on the note on which the interest was paid.

The record discloses no impeachment of either the testimony of the plaintiff's cashier or the records mentioned above.

Opposed to this evidence of the plaintiff was the denial by the defendant that he paid the interest represented by indorsements on the notes. He also testified that he did not know whether his son paid this interest. He did not know or remember whether he made the payments on January 26, 1934. He admitted that he had received his canceled checks with statements of his balance from the bank several times since January, 1934.

The son testified that he did not pay the interest and that he was not in the bank on July 31, 1934.

It thus appears that, on the one hand, we have the positive testimony of the cashier that the defendant personally made the payment of interest as indorsed on the note and the corroboration of this testimony by the records of the bank showing receipt of the interest plus the debit on defendant's personal checking account of an item in the amount of that interest. On the other hand, we have only the uncorroborated and categorical denial of the defendant that he made the payments of interest in question.

In this situation the plaintiff urges that the verdict of the jury is so clearly wrong and against the weight of the evidence that this court ought to set it aside and grant plaintiff a new trial. The defendant responds by urging that the evidence created an issue for the jury and that their verdict ought not to be disturbed if and because the reviewing court comes to the conclusion that it would have decided differently on the same facts.

It requires no citation of precedent to create a reluctance on the part of this court to set aside the verdict of a jury. On the other hand, numerous decisions of this court not only afford precedent for doing so, but make clear the duty of the court to do so, where the verdict is manifestly wrong and to sustain it would result in gross injustice,

thereby destroying confidence in and bringing reproach upon the whole system created and maintained for the purpose of doing justice between litigants.

"It is, of course, for the jury to determine the weight and sufficiency of the evidence. But when it appears that the jury have failed to respond truly on the real merits of the controversy and to administer substantial justice to the parties in the case, and that the conclusion reached by the jury is, upon the record as made, manifestly wrong, then the court should not hesitate to set aside the verdict that the case may be resubmitted to another jury." *Trute v. Holden*, 118 Neb. 449, 225 N. W. 238.

"This court may be reluctant to disturb the findings of a jury, nevertheless, it has never refused so to do, where to sustain the verdict palpable injustice would result. At an early period this court said: 'To justify an interference with the findings of a court or jury, the preponderance of evidence must be clear, obvious and decided; but when the preponderance is so great, it is the duty of the reviewing court to correct the mistake.' *Fried v. Remington*, 5 Neb. 525." *Stewart v. City of Lincoln*, 114 Neb. 362, 207 N. W. 511.

From a careful consideration of the record before us, we cannot believe that the verdict in question was the result of careful and impartial consideration and weighing of the evidence, and are compelled to the conclusion that its basis must have been something which implicitly denied the plaintiff that consideration of its case by the jury to which every litigant is entitled.

The language of this court in the early case of *Fried v. Remington, supra,* is especially appropriate: "In the case at bar, we think the preponderance of evidence against the finding is so clear, obvious and decided, that the finding and judgment cannot be sustained upon any principle of right, justice or morality."

We conclude that the plaintiff is entitled to have the verdict set aside and an opportunity to have its case submitted to another jury.

REVERSED.