HARLEY L. GADWAY, APPELLEE, V. ESTHER GADWAY, APPELLANT.

4 N. W. (2d) 765

FILED JULY 3, 1942. NO. 31335.

*Beckman & Beckman,* for appellant.

*Frank L. Burbridge, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is a suit for divorce. The trial court awarded the defendant a divorce on her cross-petition and divided the property of the parties. Defendant appeals.

No complaint is made as to the award of the divorce. No children were born as the result of this marriage. The only question raised is the correctness of the property settlement.

The evidence shows that the parties were married on June 26, 1921. For many years the plaintiff husband was engaged in the live stock commission business in South Omaha. Until 1929 he was employed at a salary ranging from $125 to $175 a month, all of which went into the common family bank account. After 1929 he purchased a membership on the live stock exchange and engaged in business for himself. In 1935 he sold his membership at a considerable loss and quit the business, due to adverse business conditions. Thereafter he operated a beer tavern, a restaurant and a rooming-house, without much financial success. Subsequently he became ill and was placed in the county hospital for treatment for inebriacy. His domestic troubles thereafter increased, culminating in divorce.

The evidence shows that each of the parties had some money at the time of their marriage. Their accounts were merged into a joint account and used by them as the occasion demanded. Defendant drew out funds the same as plaintiff did, and in 1936 she also purchased a rooming-house, the source of the purchase price of $1,500 being somewhat in dispute. Plaintiff, some time after his marriage to the defendant, purchased a home for $1,725, which later was conveyed to the defendant. The evidence shows that plaintiff is 50 years of age, is without employment and has no

property. Defendant has a rooming house, which she is successfully operating, and the residence which plaintiff conveyed to her. Plaintiff has two policies of endowment insurance which defendant has in her possession.

The trial court awarded defendant the residence property, hereinbefore referred to, and the rooming-house business which she is operating, including the furniture, furnishings and household goods therein belonging to the parties hereto. To the plaintiff the trial court awarded the two life insurance policies subject to all liens and encumbraces thereon and ordered defendant to deliver them to the plaintiff.

We have concluded from an examination of the record that the property adjustment made by the court was in all respects proper and divides the common property of these parties in a manner required by the evidence. There was no error in not allowing an attorney's fee to defendant. There being no error in the record, the decree of the district court is affirmed.

AFFIRMED.