BARBARA BEAVERS, APPELLANT, V. PETER O. CHRISTENSEN, APPELLEE.

125 N. W. 2d 551

Filed December 27, 1963.    No 35536.

Haney, Walsh & Wall and Richard L. Walentine, for appellant.

Pilcher, Howard & Hickman, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action by Barbara Beavers, plaintiff, against Peter O. Christensen, defendant, for personal injuries allegedly sustained when a stock truck owned by the defendant and driven by one James A. Easley, collided with the rear end of an automobile in which the plaintiff was riding as a passenger. The trial court instructed the jury as a matter of law that the negligence of the defendant's driver was the proximate cause of the collision and that the negligence of said driver was chargeable to the defendant.

The only fact question submitted to the jury was the extent and amount of the damages sustained by the plaintiff as the result of the collision, if any. The jury returned a verdict in favor of the defendant, and the plaintiff has perfected an appeal to this court.

Plaintiff assigns as error the overruling of her motion for a new trial, and the giving of instruction No. 3 by the trial court on its own motion.

On the first assignment, plaintiff urges that the verdict is not sustained by sufficient evidence; that the verdict is contrary to the evidence; and that the verdict is contrary to law.

We briefly set out only enough of the evidence to understand the plaintiff's position. Plaintiff testified that on April 10, 1960, in the vicinity of Yutan, Nebraska, the defendant's truck struck the rear end of a car driven by her husband in which she was riding as a passenger. At that time she was 7 months pregnant. Immediately after the impact, she felt a sharp pain in her neck and back. She was jarred in the collision, but her head did

not strike any object and her body was not thrown against the side of the car. She did not get out of the car until she arrived at her destination in Omaha. When she reached Omaha she left her 8-month-old child with her husband's parents and went to a dinner party. She stayed through the dinner hour but left right after the dinner. Her neck was stiff and she had difficulty turning her head. That night she slept on a heating pad. The next day she went to an orthopedic specialist who examined her and recommended heat, which she used every night and whenever she had a chance to use it during the day. When plaintiff's deposition was taken, she was asked if the pain she experienced after the impact was a sharp pain or just an ache, and her answer was " 'Just an ache.' " Plaintiff continued to care for her daughter without help and has been able to do her own housework since the day of the collision. She gave normal birth to the child she was carrying.

After the visit to the orthopedist on April 11, 1960, plaintiff did not see another doctor until August 1960. At that time she made four or five visits to a doctor's office, but the only treatment she received was from the nurse who used a heat machine on her. She saw no other doctor until May 3, 1962, when she was examined by the orthopedic specialist who testified for her at the trial. He made a physical examination and took some X-ray pictures. In May 1962 she complained of a pain between the shoulder blades, predominantly on the right side, which plaintiff claimed had persisted pretty much since the collision. This doctor testified that in his opinion this was a residual of the injury she sustained, and that in his judgment she had a moderate muscle spasm.

Defendant's medical examiner, an orthopedist, testified that he examined the plaintiff on January 23, 1962. He found the range of motion of the neck area to be normal. There was no evidence of muscular atrophy or

weakness and no muscle spasm was present. It was his opinion that she had sustained a mild strain of the neck, but this was not shown by his testimony to have been sustained in the collision.

This sketchy résumé of the evidence is sufficient to point up the problem embraced in plaintiff's first assignment of error. It is plaintiff's contention that her evidence without a doubt establishes that she sustained personal injuries in the accident, and that the jury verdict is clearly against the weight of the evidence.

It is plaintiff's position that this case is controlled by Friesen v. Reimer, 124 Neb. 620, 247 N. W. 561. In that case the plaintiff was badly shaken and was thrown against the wheel and side of the car. She was 6 months pregnant, and labor pains began that night. A premature childbirth was avoided, but the plaintiff was compelled to remain in bed for 3 weeks and remained under the doctor's care until her child was born. The evidence indicated that the plaintiff had had two previous miscarriages but had subsequently given birth to two normal children. The jury returned a verdict for the defendant. In that case, we said: "In this case the defendant does not deny backing into the plaintiff's car. The evidence clearly proves that when she reached home she suffered severe pains, and while a premature birth was avoided by the treatment given her by her physician, yet for the pain and suffering, which the undisputed evidence shows she was subjected to by the negligence of the defendant, she was entitled to at least nominal damages, and because such damages were not awarded, the judgment is reversed and the cause remanded for a new trial."

It is true there is considerable fact similarity between the instant case and Friesen v. Reimer, *supra*. It is evident, however, that the proof of damages in that case was much stronger than in the instant case. Was the plaintiff entitled to at least nominal damages on the evidence adduced? On the facts in Friesen v. Reimer,

*supra,* we assume that the court found the verdict of the jury was obviously against the weight of the evidence and that plaintiff was entitled to damages. We so interpret that decision.

If, however, Friesen v. Reimer, *supra,* is cited as authority for the proposition that a verdict for at least nominal damages must be returned by a jury in every case in which there is a direction on liability, we would take issue with the holding. We do not recognize such rule in this state in negligence actions. Nominal damages will not be allowed in a negligence action unless actual damages have been proven.

We have said that nominal damages may be recovered where a cause of action for a legal wrong is established but there is no proof of actual damages. See Stewart v. Spade Township, 157 Neb. 93, 58 N. W. 2d 841. None of these cases, however, involve a negligence action. There is some conflict in the authorities on this point but we believe this to be the better rule. A negligent act is not actionable unless it results in injury to another. A negligence action is brought not to vindicate a right but to recover compensation for all damages sustained. Proof of actual damages should therefore be essential to a recovery. The reason for the rule enunciated in cases so holding in other jurisdictions is stated as follows: "Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case. Nominal damages to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred." Prosser on Torts (2d Ed.), p. 165.

Whether or not plaintiff has sustained damage is a question of fact. Even though there is a direction on liability, the plaintiff must still prove that the negligence on which the direction is given was a proximate cause of the damages alleged to have been sustained

by the plaintiff, and must also prove the extent of the damages.

The jury is the sole judge on all fact questions. To justify this court in interfering with the findings of a jury on a fact question, the preponderance of the evidence must be so clearly and obviously contrary to the findings that it is the duty of a reviewing court to correct the mistake. See, Fried v. Remington, 5 Neb. 525; Bentley v. Hoagland, 94 Neb. 442, 143 N. W. 465.

The jury in this case was composed of eight married women and four men. The jury observed the witnesses and heard their testimony. A jury is not required to accept all testimony adduced at its face value even though that testimony may be undisputed. In Snowardt v. City of Kimball, 174 Neb. 294, 117 N. W. 2d 543, we said: "Triers of fact are not required to accept as absolute verity every statement of a witness not contradicted by direct evidence. The persuasiveness of the evidence may be destroyed even though not contradicted by direct evidence." This jury was properly told that it could apply to the subject before it that general knowledge which any man must be presumed to have.

This record presented a fact question. The jury decided it against the plaintiff. It is not proper for this court to speculate on what evidence may have induced the jury to return a verdict for the defendant. It could have been influenced by the minor damage to the car; by plaintiff's actions, such as her attendance at a dinner party after the impact; by plaintiff's ability to do her own housework without help; by the normal birth of her child 2 months later; by the subjective nature of plaintiff's complaints; by the limited medical attention received by her; by the fact that plaintiff's only medical witness was the orthopedist who examined her more than 2 years after the impact; and by many circumstances of a like nature, all of which would entail speculation on our part.

In reviewing the evidence herein, we must do so in the light of the fact that the jury verdict was for the defendant. Therefore, the defendant must have the benefit of any and all reasonable inferences deducible from the proof. Graves v. Bednar, 171 Neb. 499, 107 N. W. 2d 12.

After reviewing the record, we cannot say as a matter of law that the verdict herein was clearly and obviously against the weight of the evidence, and that plaintiff should have had at least a nominal recovery.

Plaintiff's second assignment of error concerns the giving of instruction No. 3 which is as follows: "Before the plaintiff is entitled to recover from the defendant the burden of proof is upon plaintiff to prove by a preponderance of the evidence that she suffered damages by reason of the collision and the extent and amount of such damages. If the evidence is equally balanced or if the preponderance of the evidence is in favor of defendant upon the question of damages so required to be proved by plaintiff, then your finding and verdict must be for the defendant; on the other hand, if plaintiff has proven damages to your satisfaction by a preponderance of the evidence, then your finding and verdict should be for the plaintiff in some amount."

Plaintiff's objection to the instruction is that it does not tell the jury specifically that it is to consider all of the evidence submitted. Plaintiff contends the inference is that the jury should consider only the evidence adduced by the plaintiff. In other words, plaintiff contends the jury was not specifically told in this instruction that the plaintiff was to have the benefit of any admissions in the defendant's evidence.

If there was error in this instruction, it could not be prejudicial error. As we view the evidence, there was no testimony adduced by the defendant which could be construed as an admission against the defendant's interest. If, however, it could be argued that there was such admission, the jury could not have been mis-

led, for any defect was cured by the giving of instruction No. 6 which specifically told the jury that it was to consider any admissions as to any fact or facts.

Instructions must be considered together to determine if the issues are properly submitted. The rule is stated in Bezdek v. Patrick, 164 Neb. 398, 82 N. W. 2d 583, as follows: "Instructions should be considered together in order that they may be properly understood, and when, as an entire charge, they properly submit the issues to the jury, the verdict will not be set aside. If an examination of all the instructions given by the trial court discloses that they fairly and correctly state the law applicable under the evidence, error cannot be predicated thereon. See, Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217; Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293; Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820."

We find no merit in plaintiff's assignments of error. The judgment entered by the trial court is correct and should be affirmed.

AFFIRMED.