DEAN SCHMEECKLE, APPELLANT, V. CAROLYN J. PETERSON, APPELLEE.

134 N. W. 2d 37

Filed March 19, 1965.   No. 35860.

William S. Padley, for appellant.

Smith Brothers, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an action brought by Dean Schmeeckle, hereinafter referred to as plaintiff, against Carolyn J. Peterson, hereinafter referred to as defendant, for personal injuries and property damage occasioned by a collision. Defendant cross-petitioned, alleging personal injuries and property damage. The jury returned a verdict against the plaintiff on his petition and for the defendant on her cross-petition. Plaintiff has perfected an appeal to this court.

The collision occurred shortly after 8 a. m., on June 15, 1962, at a county road intersection in Dawson County, approximately 1 mile east of Gothenburg on U. S. Highway No. 30, 3/10 of a mile north and 1 mile east. The road surface of both roads was gravel. There were no stop signs at any of the corners. The volume of traffic on both roads was about the same and for all purposes they could be considered equal with respect to each other. The terrain at the scene was level, with no obstructions of any nature for at least one-half mile. The roads were straight and at the time in question were dry, although the weather was cloudy and hazy. Plaintiff was driving a 1960 Corvair, approaching from the east. Defendant was driving a 1959 Chevrolet, approaching from the north.

The plaintiff was the only eyewitness to testify. The defendant sustained a concussion and could remember none of the details of the collision. We review the evidence in the light of the rule stated in Beavers v. Christensen, 176 Neb. 162, 125 N. W. 2d 551: "In reviewing the evidence where a jury has returned a verdict for the defendant, the defendant must have the benefit of any and all reasonable inferences deducible from the proof."

Plaintiff testified that he approached the intersection at 45 miles per hour; that he observed the defendant's vehicle for about a quarter of a mile during which time he covered approximately the same distance; and that the last time he looked to the north and saw the defend-

ant's vehicle, which he placed 1,285 feet north of the intersection, he was 742 feet from the intersection. He then looked to the south and never again looked to the north until he was crossing the intersection. He did not slacken his speed. He did not put on his brakes. He did not see the defendant, and he never heard the impact. Long after the accident, and in preparation for the trial, he went to the scene and measured the distance to the intersection from the point where he thought his vehicle was when he last looked north, and also from the point where he thought the defendant's vehicle was at that time. It was in this manner that he determined the relative positions of 742 feet and 1,285 feet.

The investigating patrolman, called as a witness by the plaintiff, testified that when he interviewed the plaintiff at the hospital after the accident, the plaintiff told him that he remembered looking north but did not see anything. The defendant's husband testified that he called on the plaintiff at the hospital after the accident and that the plaintiff told him he didn't know what happened and that he didn't see the defendant's car.

There were skid marks 28 feet in length from the north which were laid down by the defendant's car before the impact. The defendant's car came to rest facing north in the west ditch on the road she was traveling, 77 feet south of the end of the skid marks. The plaintiff's car came to rest in the south ditch facing north on the road he was traveling, 60 feet southwest of the end of the skid marks. The defendant's Chevrolet was approximately 900 pounds heavier than plaintiff's Corvair.

Plaintiff assigns as error that the jury returned a verdict which is contrary to and not supported by the evidence. As will more fully appear hereinafter, there is no merit to this contention. We consider this case in the light of the rule enunciated in Beavers v. Christensen, 176 Neb. 162, 125 N. W. 2d 551: "To justify this court in interfering with the findings of a jury on a fact question, the preponderance of the evidence must be so

clearly and obviously contrary to the findings that it is the duty of a reviewing court to correct the mistake."

Plaintiff complains that the jury failed to follow the instructions of the court. Plaintiff here is arguing that the jury ignored instruction No. 15, which reads: "You are instructed that a vehicle which has entered an intersection and is crossing it at lawful speed has the right of way over a vehicle approaching the intersection from a different direction into its path." Plaintiff, however, ignores the fact that this instruction must be read in conjunction with all of the other instructions. The fact that plaintiff's car may have entered the intersection first is not the sole test. Here the defendant's car had the directional right-of-way, and in addition thereto laid down a skid mark of 28 feet to reach the point of impact.

In this same vein, plaintiff also complains that the jury ignored the portion of an instruction that a driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might have. Plaintiff contends that his is the only testimony from which the speed of the vehicles could be determined, and that he placed the defendant's vehicle 500 feet further from the intersection than his own at the time he last saw it, and consequently insists defendant was exceeding the speed limit. There was testimony of two witnesses, one of whom plaintiff himself called, that immediately after the accident the plaintiff made the statement that he did not see the defendant's vehicle. Also, the jury could consider the fact that the measurements testified to were made long after the collision and for the purpose of testifying at the trial. The jury also had the testimony of the plaintiff that before he last looked north, defendant's car traveled one-quarter of a mile while he traveled approximately the same distance, which would indicate the same speed. We also call attention to the following rule: Triers of fact are not required to accept as absolute verity every statement of a witness not con-

tradicted by direct evidence. The persuasiveness of the evidence may be destroyed even though not contradicted by direct evidence. Beavers v. Christensen, 176 Neb. 162, 125 N. W. 2d 551.

Plaintiff also argues that the position of the vehicles after the collision supports his contention that the defendant was exceeding the speed limit. With this we cannot agree if his own speed was within the limit. Each of the vehicles after the impact continued in the same general direction in which it was traveling before the impact, although the plaintiff's vehicle was further off the line than the defendant's vehicle. Also, the fact that the defendant's Chevrolet was heavier than the plaintiff's Corvair could have some bearing on the position of the vehicles after the impact. There is nothing in the physical facts which will support plaintiff's position.

Plaintiff insists that the court erred in submitting the question of contributory negligence. It should be clearly evident that there is no merit to this contention. Plaintiff admits that he last looked to the north when he was more than 700 feet from the intersection when he knew that a car was approaching on his right at approximately the same speed he was traveling. While he might have misjudged the distance it had to travel, it did have the directional right-of-way. He had the absolute duty to maintain a proper lookout. He further testified that he drove through the intersection at the same speed he had been traveling, 45 miles per hour, raising the question as to whether he might not be in violation of the following portion of section 39-7,108, R. S. Supp., 1963: "(4) The fact that the speed of a vehicle is lower than the foregoing prima facie limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, * * *."

Ignoring the question of any duty to decrease speed, there is a serious question as to whether the plaintiff was not guilty of negligence more than slight as a matter of law. This point is immaterial herein because contribu-

tory negligence was submitted under proper instructions and the jury found against the plaintiff on his petition. This is not the case of the driver of a vehicle with the directional right-of-way looking and failing to see. It is the case of a nonfavored driver failing, for more than the last 700 feet, to look in the direction from which the favored driver was approaching. In Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643, we said: "The failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence as a matter of law and defeats recovery."

Plaintiff argues that although it is the duty of the driver of a motor vehicle to look in the direction of anticipated danger, he cannot be expected to maintain a constant lookout in one direction. In Gross v. Johnson, 174 Neb. 273, 117 N. W. 2d 534, we interpreted the word "constant" to mean continuous or steady, and in that respect the statement made is correct. However, we did not mean to imply that a driver is not required to look in the direction of anticipated danger while still close enough to the danger to avoid a collision. There is a difference between maintaining a lookout which the law requires and maintaining a continuous lookout in one direction. There is no basis on which this rule can be used to excuse plaintiff for failing to observe traffic from the right for more than 700 feet, particularly when he knew traffic was approaching from that direction.

The intersection involved was a nonprotected one, crossed by roads which could be considered equal as compared to each other. The view was unobstructed and free from interference for more than one-half mile. Assuming that the defendant's vehicle was further from the intersection than the plaintiff's vehicle the last time he looked, it was still on his right and if they were approaching at approximately the same time, the defendant's vehicle was the favored one and the one legally

entitled to proceed. The question then involved is whether the vehicles approached at approximately the same time, and what is meant by that phrase.

In Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496, we said: "A driver of a vehicle on the left is approaching an intersection at approximately the same time as a party to his right when there is such relative proximity of the vehicles to the intersection that, upon appraisal of all the factors in the situation it would appear to a man of ordinary prudence in his place that there is danger of a collision if he fails to yield or forego the right-of-way to cross the intersection. The statute giving the right-of-way to a vehicle coming to or entering an intersection from the right over another coming to it at approximately the same time imposes upon the driver from the left the duty of deciding as a man of ordinary prudence whether, under the circumstances, which includes a consideration of the relative distances of the approaching vehicles, their apparent speeds, and the probable conduct of the other driver, his arrival at the intersection will sufficiently precede that of the vehicle crossing his line of travel to warrant the reasonable belief that he can safely cross the intersecting road or highway ahead of it." The obvious answer in this case is that where the plaintiff failed to look to his right for a distance of more than 700 feet, he is not in a position to make the observations necessary to determine what a reasonable man would do.

Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303, is a sufficient answer to plaintiff's contention that his vehicle entered the intersection first. In that case we held as follows: "Section 39-728, R. R. S. 1943, provides that vehicles approaching an intersection from the right shall have the right-of-way over those approaching from the left when they reach the intersection at approximately the same time, and that in all other cases the vehicle reaching the intersection first shall have the right-of-way. This does not mean that drivers of motor

vehicles are permitted to race or to gamble on which vehicle may enter the intersection a few feet ahead of the other. When a collision occurs in the ordinary city or country intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection 'at approximately the same time.' "

There is evidence from which the jury could find that the defendant was maintaining a proper lookout and that she is entitled to recover on her cross-petition. There is the skid mark of 28 feet from the north. If the speed of the two vehicles was approximately equal, as defendant's testimony at one point could indicate, or even if the speed of the defendant's vehicle was slightly in excess of the plaintiff's vehicle, the jury could find the vehicles were approaching the intersection at approximately the same time. The defendant then would have had the right-of-way and the jury could have determined that she acted as an ordinarily careful and prudent person in expecting the plaintiff to respect her right-of-way, and when it became evident to her that he would not do so, she attempted to avoid a collision by applying her brakes. § 39-751, R. S. Supp., 1963; Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496. It is obvious the jury determined that the plaintiff's failure to maintain a proper lookout was the proximate cause of the collision.

We find no merit in plaintiff's assignments of error. The judgment entered by the trial court is correct and should be affirmed.

AFFIRMED.