DONALD D. NEEMAN, APPELLEE, v. BESSIE E. NEEMAN, APPELLANT.

158 N. W. 2d 236

Filed April 19, 1968. No. 36737.

Spencer & Hoch, for appellant.

Wellensiek, Morrissey & Davis, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action for a divorce brought by Donald D. Neeman as plaintiff against Bessie E. Neeman, defendant. Plaintiff was 40 years of age and defendant, 47 years of age. In his petition, plaintiff alleged that the parties were married on August 20, 1949, and that there were no children born of the marriage. Plaintiff further stated that without just cause or excuse, defendant had been guilty of extreme cruelty toward plaintiff in that she continuously used abusive language toward him, "* * * openly criticized and accused the plaintiff of diverse wrong, the defendant often has fits of temper and rage at which time she berates, insults and belittles the plaintiff, that defendant continually embarrasses the plaintiff, by creating disturbances with neighbors and friends and all these various actions of the defendant has inflicted upon the plaintiff grievous mental suffffering, by reason of which the plaintiff has been unable to perform his duties at work efficiently and it has interferred with his work. That the course of cruel treatment accorded plaintiff by the defendant has been such as to destroy the happiness of the plaintiff, and make it impossible for the plaintiff and defendant to live together as husband and wife, * * *." Defendant filed an answer and cross-petition.

The court found generally that the allegations contained in plaintiff's petition were true and that plaintiff was entitled to an absolute divorce from the defendant.

It was stipulated that the only property owned by these parties was their residence property valued at $15,500, subject to mortgages amounting to $10,763.51 and taxes of $562.21, an automobile valued at $500, and other personal property of the value of $1,000. The record further discloses that plaintiff, at the time of separation, drew $400 out of a joint checking account, defendant withdrew the balance of $79.88, and defendant also withdrew a savings account of $3,920. At the time of trial, defendant still had the full amount in the savings

account, and a checking account of $200. Plaintiff had a checking account of $80.

At the time of separation of the parties, they were indebted to St. Mary's Hospital in the sum of $908, to the Mayo Clinic in the sum of $429, the Nebraska City Medical Group in the sum of $145.60, and to Jessup Drug in the sum of $26.80. Subsequent to the separation, defendant incurred the following indebtedness: Dr. Brown, $830; Pathology Lab, $65; Jessup Drug, $50; Dr. Reese, $5; Nebraska City Medical Group, $20; Methodist Hospital, $837.95; and Dr. Hamsa, $5.

The court awarded to plaintiff the automobile, his personal checking account, and two insurance policies, one with a cash surrender value of $597.35 and the other, $498. Awarded to defendant was the residence property, subject to the mortgage encumbrances and taxes, the contents thereof valued at $1,000, her personal checking account of $200, and the $3,920 savings account. Plaintiff was ordered to pay the outstanding accounts due at the time of the separation of the parties and defendant was ordered to pay the remaining accounts which she had incurred subsequent to the separation. Costs, including fees for defendant's attorneys, were taxed to plaintiff. The order for temporary support of defendant entered September 2, 1966, directing plaintiff to pay to her $30 per week and to make mortgage payments in the sum of $86.12 per month on the residence indebtedness was terminated as of June 2, 1967, the date of the decree.

Defendant assigns as error the granting of an absolute divorce to plaintiff rather than to defendant, the imposition of a portion of the indebtedness upon defendant, and the failure to grant defendant further financial relief in the nature of permanent alimony.

No attempt will here be made to set out the facts found in the rather voluminous record presented in this case. Suffice it to say that the record amply sustains the finding of the trial court. "Where the evidence in

a divorce suit sustains a finding of cruelty on the part of one spouse toward the other, and is corroborated as required by law, the action of the district court in granting a divorce to the aggrieved spouse is proper and ordinarily will not be interfered with by this court on appeal." Vollbrecht v. Vollbrecht, 178 Neb. 31, 131 N. W. 2d 651.

Regarding the division of property and permanent alimony, it will be noted that plaintiff received only an automobile valued at $500 and a checking account of $80 in addition to his two insurance policies, one with a cash surrender value of $597.35 and the other, $498. Defendant received the residence property valued at $4,174.28 in excess of encumbrances thereon, the contents of the home valued at $1,000, her personal checking account of $200, and the savings account of $3,920. She also receives the benefit of the requirement that plaintiff pay medical expenses incurred by her prior to the separation in the sum of $1,509.40, and the costs of suit including attorneys' fee. It is evident that plaintiff leaves the marriage with a small indebtedness and that although defendant has been obligated to pay certain other medical expenses incurred by her subsequent to the separation of the parties, she, nevertheless, has received practically all of the property accumulated by the parties which amounts to a substantial sum. "Factors to be considered in an award of alimony or a division of property in a divorce case are the age and health of the parties; their earning ability; their relative conduct leading up to the divorce; the duration of the marriage; the social standing of the parties; the property of the parties and its value at the time of the divorce, its income-producing capacity, the manner in which it was acquired, and the respective contributions that each party has made thereto; the property of the parties and its value at the time of the marriage; and all other relevant facts and circumstances." Gartside v. Gartside, 181 Neb. 46, 146 N. W. 2d 777.

Under the circumstances presented by this record, we cannot conclude that the trial court dealt unfairly or unreasonably with the defendant in this respect and its decision is approved. "The fixing of the amount of alimony rests, in each case, within the sound discretion of the court." Ivins v. Ivins, 171 Neb. 838, 108 N. W. 2d 99.

The defendant is awarded for the services of her attorney in this court a fee in the amount of $250.

AFFIRMED.