CONSTANCE R. HUTCHINSON, APPELLEE, v. JAMES R. HUTCHINSON, APPELLANT.

180 N. W. 2d 874

Filed October 30, 1970. No. 37481.

Mattson, Ricketts & Gourlay, for appellant.

Pierson & Pierson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The plaintiff, Constance Hutchinson, was granted a divorce from the defendant, James Hutchinson, on the grounds of extreme cruelty. Defendant has appealed.

The parties were married in 1946. Their ages are not disclosed in the record. They were the parents of a son who was 21 years old at the time of trial. He was living with the plaintiff and attending Milford Vocational School. The schooling was expected to continue for another year and a half.

The basis for plaintiff's charges of cruelty against the defendant stemmed from defendant's alcoholism. It has extended over a period of some 10 years and the defendant had been hospitalized for some months prior to the filing of plaintiff's petition in the fall of 1968.

The defendant had had a succession of employers and had been intermittently unemployed over a period of 8 to 10 years. The plaintiff had been employed as a department manager of a retail store continuously since 1960.

The record does not establish the total value of the personal property divided by agreement of the parties, nor how the division was made. Inferences are that the value was a few thousand dollars at most. The residence was purchased in 1954 or 1955 for $14,500. The cost of additional improvements made shortly thereafter is in dispute. Total cost of the house was between $15,000 and $17,000. There is no testimony as to its current value except that it probably exceeds $15,000. The balance due on the mortgage was between $5,000 and $6,000. The defendant testified that he paid the downpayment and all payments on the mortgage, at least until 1967 or 1968. The plaintiff testified that they both contributed to the downpayment, and the subsequent mortgage payments until 1967 or 1968. Since that time she had paid them individually.

The district court found the defendant guilty of extreme cruelty and granted the plaintiff a divorce. The defendant's cross-petition was dismissed. The decree approved a division of personal property made by the parties and awarded the only real estate, the residence, to the plaintiff. Each party was ordered to pay the

costs and attorneys' fees incurred by him or her.

The only real issue on appeal is whether the court erred in awarding the residence property to the plaintiff. The factors to be considered in a division of property in a divorce case have been set forth by this court innumerable times. See, Trimble v. Trimble, 180 Neb. 647, 144 N. W. 2d 171; Gartside v. Gartside, 181 Neb. 46, 146 N. W. 2d 777; Neeman v. Neeman, 183 Neb. 105, 158 N. W. 2d 236.

In many cases this court has approved an award of residential property to the wife under similar or analagous circumstances. Gadway v. Gadway, 141 Neb. 695, 4 N. W. 2d 765; Trimble v. Trimble, *supra;* Neeman v. Neeman, *supra.*

When the evidence on material questions of fact is in irreconcilable conflict, in determining the weight of the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the other. Parkhurst v. Parkhurst, 184 Neb. 687, 171 N. W. 2d 243.

Under the circumstances reflected by this record, the property division made by the district court was proper. The decree is affirmed.

AFFIRMED.