ROBERT L. MARQUARDT, APPELLANT, V. NEHAWKA FARMERS COOPERATIVE CO., A CORPORATION, APPELLEE.

184 N. W. 2d 617

Filed March 5, 1971. No. 37628.

Cobb, Swartz & Wieland, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit and Harold R. Lebens, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an action for personal injuries arising out of a motor vehicle accident at a highway intersection. From a jury verdict, judgment in favor of defendant, and order overruling motion for new trial, the plaintiff appeals. We affirm the order and judgment of the district court.

The accident occurred at approximately 11:15 a.m. on July 17, 1967, at the intersection of U. S. Highway Nos. 73-75 and the Mynard Road near Plattsmouth, Cass County, Nebraska. The weather was clear and the roads were dry. John Morris, an employee of the defendant Nehawka Farmers Cooperative Company, was driving north along U. S. Highway Nos. 73-75 in a 1958 G.M.C. truck, pulling an anhydrous tank trailer. The truck was owned by the defendant and Morris was within the scope of his employment at the time of the accident. The truck did not have a left-hand rear-view mirror; the tank behind the truck prevented the use of any in-

side mirror; and the right-hand outside mirror was out of adjustment, thus preventing Morris from seeing anything in it. As he neared the Mynard Road intersection, Morris slowed up and used his electric turn signals to indicate a left-hand turn, intending to turn to the west. As he turned left in the intersection, he collided with the plaintiff's 1964 Ford Thunderbird which was attempting to pass him. At the time of the collision, plaintiff, Robert L. Marquardt, was a passenger in the Thunderbird, which he owned. The car was being driven by his son, Robert L. Marquardt, Jr. Plaintiff received personal injuries for which he brought this action, claiming defendant's employee, Morris, negligently caused the collision. Defendant alleged that the proximate cause of the accident was the negligence of the driver of plaintiff's automobile.

The contentions of the plaintiff on appeal are very numerous. We discuss only those assignments of error properly presented and argued. Rule 8a2(2)(3), Revised Rules of the Supreme Court, 1967; Parkhurst v. Parkhurst, 184 Neb. 687, 171 N. W. 2d 243.

The plaintiff contends that the trial court erred in overruling the plaintiff's motion for a directed verdict made at the end of all the evidence. We review the evidence in light of the general rule that where a jury has returned a verdict for the defendant, such defendant is entitled to the resolution of all of the conflicts of the evidence in his favor, and all of the reasonable inferences that can reasonably be deduced from the proof. Beavers v. Christensen, 176 Neb. 162, 125 N. W. 2d 551. In addition to this rule, this court has held that in the posture of this case, where the appeal is from a verdict for a defendant in a jury case on a fact question, the preponderance of the evidence must be so clearly and obviously contrary to the finding and the verdict of the jury that it is our duty to correct the mistake. Schmeeckle v. Peterson, 178 Neb. 476, 134 N. W. 2d 37; Beavers v. Christensen, *supra*. The essence of the plaintiff's contention is

that he claims Morris, the driver, as defendant's agent, was negligent as a matter of law when he was not able to see the plaintiff's car passing him in the intersection. Plaintiff relies on several cases, the basic one of which is Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355. Our holding in the Petersen case stands for the proposition that failure to look before turning left across a public highway *between* intersections is negligence as a matter of law. It is clear that the rule has been expressly limited to turns betwen intersections, where the driver following the turning vehicle least expects such a move. The rule has no application here. The defendant's driver Morris testified that he did not believe any portion of his vehicle was to the left of the centerline before he got to the intersection. There is some question about a conflict between this statement and the one he made prior to the time of trial, but, of course, this was a matter for the jury to determine. The most that can be said is that it was for the jury to determine just what was meant by the possibly conflicting testimony given in this respect.

On the morning in question, Morris had left his employer's elevator to make a pick-up of an anhydrous tank trailer. There was evidence to the effect that he had discovered the missing left-hand rear-view mirror only after he was on the road. He had been forced to use that particular truck since none other was available that morning. At his next stop in a farmer's field, Morris tried to install a replacement mirror he had found in the truck, but it would not fit. He then attempted to move the right-hand mirror to the left but he did not have the proper tools. He was then forced to start back without a left-hand rear-view mirror.

Various evidence was presented to the jury on the effectiveness of the truck's turn signals, the fact that the anhydrous tank trailer had a slow-moving vehicle sign painted on it, the speed at which Morris approached the intersection and then began his turn, and the dis-

tance which the two vehicles traveled after impact. Taken as a whole, the evidence was of such a nature so as to present a jury question. The failure to have a proper functioning rear-view mirror, and the circumstances surrounding it, were at the most a violation of the statute, not negligence per se, and presented a question for the jury under all of the circumstances. The trial court was correct in denying the plaintiff's motion for a directed verdict.

The next contention of the plaintiff is that the trial court did not submit to the jury certain issues of negligence supported by the evidence and properly pleaded by the plaintiff. As we examine this record, the substance of this contention is that the trial court should have submitted to the jury the allegations of the plaintiff's petition in haec verba. This court has consistently condemned such a practice and has placed the duty upon the trial court to properly analyze, summarize, and submit the substance of the numerous allegations of negligence in tort petitions. We have examined the numerous allegations of negligence in the plaintiff's petition, and they are overlapping, repetitious, and contain innuendoes which could be suggestive of prejudice against the defendant. The trial court, in this situation, very properly summarized the allegations of plaintiff's petition that Morris failed to maintain a proper lookout, made a left turn across traffic lanes at a time when it was unsafe to do so, made a left turn prior to reaching the center of the intersection, operated said motor vehicle without clearly visible electric turn indicators, made an unsignaled left turn across the highway, and operated said vehicle without a rear or side-view mirror. We come to the conclusion that the trial court's submission was an accurate, nonrepetitious, and nonoverlapping statement of the issues which fairly submitted the case to the jury. See, Kroeger v. Safranek, 165 Neb. 636, 87 N. W. 2d 221; Davis v. Roosman, 179 Neb. 808, 140 N. W. 2d 639. There is no merit to plaintiff's contention.

Plaintiff next asserts that the import of the trial court's instruction No. 27 was either prejudicial or had the effect of directing the jury to find the plaintiff contributorily negligent. It is true that the trial court's instruction No. 27 once spoke of the negligence of the plaintiff's driver without containing the common qualification, "if any." However, plaintiff has taken the separate allegedly erroneous statement out of the context of the instruction. We have examined instruction No. 27 and a fair reading of it leads to a completely different conclusion than that reached by the plaintiff in his argument. In this same instruction the trial court specifically stated that even though it should find the plaintiff's driver was negligent, if it found that the defendant was guilty of negligence which was a direct and proximate cause of the collision and resulting injuries, the plaintiff was entitled to full compensation. There is nothing in this instruction which withdraws any issue of negligence from the jury. In fact, this same instruction did not use the words "if any you should find" after each mention of or reference to the possible negligence of the defendant.

In addition, instructions Nos. 1, 5, 6, and 7 make it clear that the court was submitting the issue of the negligence of the plaintiff's driver under all of the circumstances at issue in the case. Instructions must be taken as a whole and construed together, and we will not permit an isolated construction based upon semantical fragmentization of any particular instruction. Beranek v. Petracek, 184 Neb. 516, 169 N. W. 2d 275.

The trial court submitted the issue of reasonable speed of the plaintiff's vehicle under all of the circumstances of the case, and submitted the issue of the statutory duty to decrease speed when approaching and crossing an intersection. Plaintiff contends that this section of the statute only applied when another vehicle is approaching and meeting another driver. Turning movements, of course, are complicated and more danger-

ous from any direction when cars are crossing intersections. There is no restriction in the statute that such an instruction would be unreasonable. This court, in effect, has specifically so held. Stillwell v. Schmoker, 175 Neb. 595, 122 N. W. 2d 538.

Plaintiff asserts error in the fact that the trial court refused to instruct the jury, pursuant to his request, that as a matter of law "the most dangerous movement on public streets or highways is the left hand turn." This court has previously used this particular phrase in connection with the discussion and decision in several cases, see, *e.g.*, Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355. We have never held that such a statement is to be regarded as a conclusion of law or one that must be included in an instruction, irrespective of the particular fact situation. It is apparent that the innuendo of the language of this request might create a prejudicial inference of the court's opinion of the facts in the particular case. We also observe that the Pattern Jury Instruction dealing with left-hand turns between intersections, N J I No. 7.11, does not include or permit the use of this phrase. There is no merit to plaintiff's contention.

Plaintiff also claims the trial court erred in admitting into evidence the conversation John Morris had with a police officer immediately after the accident. Over objection, the officer was allowed to repeat this conversation in which Morris told the officer that he had turned on his signals to make a left turn and, as he turned, he heard the squeal of brakes. At that point he said he tried to turn back to the right, but could not avoid the accident. Plaintiff claims this is self-serving hearsay evidence which is not admissible under any of the exceptions to the hearsay rule. Plaintiff is correct in that the testimony was hearsay and, under other circumstances, would be subject to objection. See Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1. In this instance, however, the evidence was not

prejudicial to the plaintiff in that all of the points in the statement of Morris to the officer were established by means of other evidence which came in without objection. In direct testimony, Morris substantiated every point which the police officer had brought out in his discussion of what had been said at the accident scene.

It is clear that this evidence in the case was undisputed and the police officer's testimony was merely cumulative at the worst. Where evidence is objected to which is substantially identical to evidence admitted and not objected to, or otherwise admissible, prejudicial error will not lie because of its admission into evidence. Hickman v. Layne, 47 Neb. 177, 66 N. W. 298; Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873; United States v. Crescent Amusement Co., 323 U. S. 173, 65 S. Ct. 254, 89 L. Ed. 160. See, also, Meyer v. Moell, *ante* p. 397, 183 N. W. 2d 480.

The final issue presented by the plaintiff is whether the trial court properly allowed the admission of a written statement made by a witness prior to the trial. Robert Schlichtemeier was an eyewitness to the collision of the two vehicles. Prior to trial, Schlichtemeier made a written statement containing several damaging points against the plaintiff. The statement said that plaintiff's car had passed Schlichtemeier in a no-passing zone just prior to the collision, Schlichtemeier estimating the speed of plaintiff's car at 70 to 75 miles per hour. The statement also contained other points which were generally favorable to defendant's position. Upon cross-examination at the trial, plaintiff's counsel asked Schlichtemeier about this statement, attempting to use it to impeach the testimony of the witness. After plaintiff's counsel had used the statement in this manner, defendant attempted to put the entire statement into evidence. Over plaintiff's objection, the trial court received the exhibit. Plaintiff now claims there was insufficient basis for the introduction of the entire written statement since, in the plain-

tiff's opinion, only a minor portion of it was referred to for impeachment.

Section 25-1215, R. R. S. 1943, as it applies to this case, provides: "When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other." The admission of evidence under this section is within the area reserved to the sound discretion of the trial court. Spani v. Whitney, 172 Neb. 550, 110 N. W. 2d 103. Plaintiff invited the introduction of the written statement and we can find no abuse of discretion by the trial court in determining that the rest of the statement was on the "same subject." There was no prejudicial error in the trial court's ruling.

We have fully explored all of the assignments of error and contentions properly assigned by the plaintiff. We find no prejudicial error in the judgment entered by the trial court in favor of the defendant. The judgment of the trial court is correct and is affirmed.

AFFIRMED.