DOROTHY RAMOLD, APPELLANT, V. QUINTIN RAMOLD, APPELLEE.

196 N. W. 2d 372

Filed April 14, 1972. No. 38162.

Edward E. Hannon of Cronin & Hannon, for appellant.

Robert T. Finn, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a divorce action. Plaintiff, Dorothy Ramold, has appealed. The only question presented is with reference to permanent alimony and a division of property. We affirm the judgment of the district court.

The parties were married in March of 1962 and lived together for a little over 7 years. At the time of the divorce plaintiff was 52 and defendant 53 years of age. Plaintiff had been previously married and had seven children by her first marriage, five of whom were still living at home. It was defendant's first marriage. Plaintiff operated a restaurant which she sold subsequent to the marriage, but she continued to work outside the home. She owned 720 acres of land subject to a mortgage of $7,800 which was reduced during the marriage by approximately $4,000. She also owned her home. Defendant was a cattle speculator and, at the time of his marriage, owned 1,040 acres of land and two city lots. During the marriage he acquired an additional 400 acres of land. Most of the land is encumbered but its value has increased due to inflation and the installation of irrigation systems. Evidence of property values is contradictory and somewhat incomplete. Evidence of contributions of the parties during the marriage is very contradictory and nebulous due largely to the fact that both parties were in the habit of paying for purchases made, and bills accruing, in cash rather than by check.

The trial court awarded to each party the real estate owned by each. Plaintiff received all household goods

and a joint bank account in an undisclosed amount. She was also awarded permanent alimony in the sum of $20,000, payable at the rate of $2,000 per year.

A review of the record fails to indicate an abuse of discretion by the trial court. "The fixing of the amount of alimony rests, in each case, within the sound discretion of the court." Neeman v. Neeman, 183 Neb. 105, 158 N. W. 2d 236.

The judgment of the district court is affirmed. Plaintiff is awarded the sum of $500 for the services of her attorney in this court.

AFFIRMED.